IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| AURORA FINANCIAL GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MARY K. TOLLEFSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCCUPANTS OF THE PROPERTY,<br><br>Defendants. | Case No.: 20-2-02865-7 SEA<br><br>COMPLAINT FOR REFORMATION OF DEED OF TRUST; DECLARATORY RELIEF; AND JUDICIAL FORECLOSURE OF REAL PROPERTY |

Plaintiff alleges:

1. Plaintiff, AURORA FINANCIAL GROUP, INC., is duly authorized to conduct business in the State of Washington.

2. Defendant, Mary K. Tollefson ("Borrower"), is believed to reside in King county, Washington.

3. Venue is proper in this action as the Borrower resides in this county and the property being foreclosed is located in this county.

4. Borrower is the record owner of the real property commonly known as:

1316 6th Place NE, Auburn, WA 98002 (the "Property") and legally described in the attached **Exhibit A** and the Assessor's Parcel Number is 519860-0040

5. On or about May 22, 2015, Mary K. Tollefson (the Borrower), for valuable consideration, made, executed and delivered to American Financial Network, Inc. a promissory note in the

COMPLAINT
PAGE - 1
MH FILE NO.: WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 004

1 amount of $279,924.00 together with interest thereon at the rate of 3.500% per annum, in
2 monthly installments of $1,256.98 beginning on July 1, 2015. A copy of the Note is attached as
3 **Exhibit B.**
4     6. At the same time that the Borrower executed and delivered the Note, and as part of the
5 same transaction, the Borrower, in order to secure payment of the Note, made, executed and
6 delivered to Mortgage Electronic Registration Systems, Inc., as nominee for American Financial
7 Network, Inc. a Deed of Trust encumbering the Property, which is attached hereto and
8 incorporated by reference herein as **Exhibit C** (the "Deed of Trust"). The Deed of Trust was
9 recorded on June 11, 2015 with the county Auditor under Instrument No. 20150611000745.
10     7. Although the Deed of Trust identified the correct address of the Subject Property, through
11 inadvertence and error it did not include the full, correct description of the property. Specifically,
12 the property was identified in the Deed of Trust as "THE COUNTY" rather than "KING
13 COUNTY". As evidence that the Deed of Trust erroneously omitted a portion of the full legal
14 description, Plaintiff attaches as **Exhibit E** a true and correct copy a previous Deed for the
15 Subject Property that correctly identifies the Subject Property.
16     8. The assignment of the Deed of Trust to Plaintiff was recorded with the county Auditor on
17 December 20, 2017 as Instrument No. 20171220000501. A copy of the assignment is attached
18 as **Exhibit D.**
19     9. Plaintiff is holder of the Note and assignee of the Deed of Trust.
20                   **CLAIM FOR RELIEF: REFORMATION OF DEED OF TRUST**
21     10. Plaintiff incorporates herein as though set forth in full paragraphs 1 through 9, inclusive,
22 set forth above.
23     11. Plaintiff is informed, believes, and thereon alleges that, due to mistake, inadvertence or
24 oversight, the Deed of Trust contains an error on page 2 in the description of the Subject
25 Property in that it references an incorrect legal description.
26
27
28

COMPLAINT
PAGE - 2
MH FILE NO. WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 005

12. Plaintiff is informed and believes and thereon alleges that the above-described failure of the Deed of Trust to reflect the true intent of the parties resulted from a mutual mistake of all parties in that an agent employed by and/or relied upon by the parties to prepare the legal description erred.

13. To reflect the parties' true intentions, the Deed of Trust must be reformed to reflect the true description of the Subject Property as set forth above.

14. Plaintiff seeks an Order reforming the Deed of Trust by substituting the incorrect legal description for the correct set forth above.

### CLAIM FOR RELIEF: DECLARATORY RELIEF

15. Plaintiff incorporates herein as though set forth in full paragraphs 1 through 14, inclusive, set forth above.

16. Plaintiff asserts that it is entitled to reform the Deed of Trust to accurately reflect the correct description of the Subject Property. Plaintiff is informed, believes, and thereon alleges that the Defendants will dispute these contentions.

17. Plaintiff is informed, believes, and on that basis alleges that an actual controversy has arisen, and now exists between Plaintiff and Defendants, and each of them, concerning their respective interests and rights in the Subject Property.

18. Plaintiff desires a judicial determination of its rights and duties, and a declaration as to its security interest in the Subject Property.

19. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff can confirm its rights and duties under the Deed of Trust and so Defendants, and each of them, can confirm their respective rights, obligations, title and interest in the Subject Property.

### CLAIM FOR RELIEF: JUDICIAL FORECLOSURE

20. Plaintiff incorporates herein as though set forth in full paragraphs 1 through 19, inclusive, set forth above.

COMPLAINT
PAGE - 3
MH FILE NO.: WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 006

21. The Borrower has failed to make the monthly payment due on August 1, 2017 and in subsequent months up to and including the date of filing this Complaint. Because of the default, Plaintiff has exercised and does hereby exercise the option granted in the Note and Deed of Trust to declare the whole of the balance of both the principal and interest thereon due and payable.

22. As of the date of this complaint, the due and unpaid principal balance is $268,516.38 plus interest at 3.500% per annum. Interest continues to accrue until paid.

23. The following Defendants claim some right, title or interest in the Property:

| **Party** | **Type of Interest** | **Recording Info** | **Amount of Claim** |
|---|---|---|---|
| Mary K. Tollefson | Vested Interest in Property | Recorded on: 04/29/2013 Instrument No.: 20130429000999 | Unknown |
| Mortgage Electronic Registration Systems, Inc. | Junior Deed of Trust | Recorded on: 07/09/2015 Instrument No.: 20150709000211 | $279,924.00 |
| Occupants of the Property | Unknown claims of interest in property | Unknown | Unknown |
|  | Statutory tax liens superior to Plaintiff's interest | Unknown |  |

24. Plaintiff is informed and believes and thereon alleges that Occupants of the Property Defendants are business entities and/or individuals having a subordinate claim or interest in the Property. The interests of said Defendants in the Property shall be eliminated at the time of the foreclosure sale by Plaintiff. As of the date of the filing of this Complaint, the identities of these Defendants are not known. Once the identities of these Defendants are known, these pleadings will be amended to reflect their true names.

25. The Borrower is not in the military service of the United States of America.

26. No other suit or action has been instituted or is now pending upon said Note or to foreclose the Deed of Trust.

COMPLAINT
PAGE - 4
MH FILE NO.: WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 007

27. The terms of the Note and Deed of Trust provide that, in the event of any action to collect the same or to foreclose the Deed of Trust, there shall be included in the Judgment a reasonable sum for attorney's fees, together with all expenses incurred in pursuing a default action and including the costs of title evidence.

28. AURORA FINANCIAL GROUP, INC. is entitled to a judgment permitting it to bid all or part of its judgment at sale, and to have a deficiency judgment if the proceeds of the sale do not satisfy AURORA FINANCIAL GROUP, INC.'s judgment.

29. Plaintiff reserves the right to assert and establish a zero month redemption period pursuant to RCW 61.12.093.

30. By reason of the above-mentioned defaults, it has become necessary for Plaintiff to employ McCarthy & Holthus, LLP, to commence and prosecute this action. The reasonable value of service of counsel shall be determined by the Court at the time of the final hearing on this matter.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1. For an Order declaring that the Deed of Trust recorded on the Subject Property on June 11, 2015 as Instrument No. 20150611000745 in the official records of King County, Washington, be reformed so that the correct legal description, as attached as Exhibit A, takes the place of the incomplete legal description as stated in the Deed of Trust.

2. For an Order declaring that the reformed Deed of Trust is a valid lien against the Subject Property and is senior to that of any and all other person(s), including, without limitation, all of the other Defendants.

3. It be adjudged, in the event of non-payment of the judgment forthwith upon its entry, that the Deed of Trust be declared a valid first lien upon the land and premises described herein; that the Deed of Trust be foreclosed and that the Property covered thereby sold at a foreclosure sale in the manner provided by law, and the proceeds thereof be applied on said judgment and increased interest and such additional amounts as the Plaintiff may advance for taxes, assessments, municipal charges, and such other items as may constitute lien upon the Property,

COMPLAINT
PAGE - 5
MH FILE NO.: WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 008

together with insurance and repairs necessary to prevent impairment of the security, together with interest thereon from the date of payment;

4. If any deficiency remains after application of the proceeds of such sale thereon, Plaintiff may request a deficiency judgment against Borrowers;

5. By such foreclosure and sale, the rights, claims, ownership, liens and demands of each of the Defendants and persons claiming by, through or under them subsequent to the execution of the Deed of Trust should be adjudged inferior and subordinate to the Deed of Trust lien and be forever foreclosed, except only for the statutory right of redemption allowed by law and surplus funds allowed by law, if any;

6. The Plaintiff be permitted to become a bidder and purchaser at the foreclosure sale;

7. Adjudging that each of the Defendant(s) and all persons claiming under each Defendant, after execution of the Deed of Trust, whether as a lien claimant, judgment creditor, claimant under a junior trust deed, purchaser, lien holder, or otherwise be barred and foreclosed from all rights, claims, interests or equity of redemption in the Property and every part of the Property when the time for redemption has elapsed;

8. Adjudging Borrowers personally liable for payment of the obligation secured by the Deed of Trust and that a deficiency judgment be ordered following proceedings prescribed by law;

9. For an Order directing the Sheriff, after the time for redemption has elapsed, to execute a deed to the purchaser of the Property at the sale, and directing that any such purchaser be let into possession of the Property upon production of the Sheriff's Deed;

10. For an Order eliminating such redemption rights should the subject property be found vacant for at least 6 months prior to application for judgment; and

COMPLAINT
PAGE - 6
MH FILE NO.: WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 009

1. 11. For such other and further relief as the court deems just and proper.

2. Dated: January 31, 2020                McCarthy & Holthus, LLP

3.                                        s/Grace Chu
                                          Wendy Lee WSBA No. 33809
4.                                        Judson Taylor WSBA No. 46127
                                          Grace Chu WSBA No. 51256
5.                                        Warren Lance WSBA No. 51586
                                          David Swartley WSBA No. 51732
6.                                        108 1st Avenue South, Ste. 300
                                          Seattle, WA 98104
7.                                        gchu@mccarthyholthus.com
                                          Attorneys for Plaintiff

COMPLAINT
PAGE - 7
MH FILE NO.: WA-19-865935-JUD

MCCARTHY & HOLTHUS, LLP
108 1ST AVENUE SOUTH, STE. 300
SEATTLE, WA 98104
PH: (206) 596-4856
FX: (206) 274-4902

Exhibit C page 010