UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AURORA FINANCIAL GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARY K. TOLLEFSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCCUPANTS OF THE PROPERTY, <br><br> Defendants. | No. 3:20-cv-05167 <br><br><br> DEFENDANT MARY K. TOLLEFSON'S MOTION TO DISMISS COMPLAINT FOR REFORMATION OF DEED OF TRUST AND DECLARATORY RELIEF <br><br> Noted for Motion Calendar: <br><br> March 13,  2020 |
| MARY K. TOLLEFSON <br><br> Counter-Plaintiff, <br><br> vs. <br><br> AURORA FINANCIAL GROUP, INC., <br><br> Counter-Defendants. <br><br> and <br><br> AMERICAN FINANCIAL NETWORK INC., FREEDOM MORTGAGE CORP., MCCARTHY & HOLTHUS LLP., AND QUALITY LOAN SERVICES CORP. <br><br> Third-Party Defendants. | |

I.   RELIEF REQUESTED

COMES NOW MARY K. TOLLEFSON, COUNTERCLAIM-PLAINTIFF, through her

ATTORNEY, ARTHUR ORTIZ and requests the Court grant an ORDER dismissing Aurora

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 1

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

Financial Group Inc.'s state court complaint for reformation fo the deed of trust.

## II.   STATEMENT OF FACTS

On May 22, 2015, Ms. Tollefson refinanced her residential mortgage by borrowing $279,924.00 from American Financial Network, Inc., ("AFN") and paying off her previous mortgage lender, Fifth Third Bank. To accomplish this Ms. Tollefson executed a promissory note in favor of AFN on May 22, 2015 and secured the obligation on that note by also executing a deed of trust making her home the collateral for the loan.[1] Both the note and deed of trust were given the loan number ending in 7217, (*hereinafter* "Loan #7217"). Ex. A, (a true and correct copy of the unsigned copy of the Note left with Ms. Tollefson on 5/22/2105.) The deed of trust was recorded on June 11, 2015 under the King County Recorder's Instrument number of 20150611000745, (*hereinafter* "DoT 0745") indicating it secured Loan #7217. Ex. B, (is a true and correct copy of the deed of trust recorded June 11, 2015 and numbered 20150611000745.)

Twenty-eight days later, on July 9, 2015, an identical deed of trust to the one executed by Ms. Tollefson on May 22, 2015, was again recorded, this time under a different instrument number of 20150709000211 (*hereinafter* ("DoT 0211"). Ex. C. The two deeds of trust with instrument numbers ending in 0745 and 0211 are identical in reference to loan number, loan amount, property description, and FHA Case number. *Compare* Ex.s B & c all pages.

Plaintiff, Aurora Financial Group, Inc., ("Aurora") filed this lawsuit in state court for reformation of the deed of trust and judicial foreclosure on January 31, 2020 under King County Superior Court Cause No. 20-2-02865-7 SEA. In its suit, Aurora named the Mortgage Electronic Registration Systems, Inc., ("MERS") and "OCCUPANTS OF THE PROPERTY," along with removing defendant, Ms. Tollefson. Aurora served Ms. Tollefson on February 6, 2020. A true and

---

1   Ms. Tollefson was never provided a counter-signed, fully executed, copy of her promissory note and deed of trust she signed May 22, 2015.

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 2

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

correct copy of the Complaint is attached as Ex. D, ("state complaint.") True and correct copies of the full compliment of pleadings in the State Court Action, will be attached to counsel's verification of state court records following provision of notice to the state court's clerk pursuant LCR 101(b). Ms. Tollefson has not obtained removal consent from either MERS nor the unknown "OCCUPANTS," because they do not exist as real parties in this controversy.

### III.   STATEMENT OF THE ISSUES

1. Whether alleged sufficient facts to state a claim for reformation of the deed of trust.

### IV.   EVIDENCE RELIED UPON

1. The Court's records and the files therein.

### V.   AUTHORITY

Standard for Motion to Dismiss

**a. <u>Aurora failed to state a cause of action for reformation</u>.**

A motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A complaint must sufficiently state a "plausible" ground for relief or it is subject to dismissal. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

First, Aurora failed to state a claim against MERS for reformation or judicial foreclosure because MERS is not a signatory to the deed of trust in question. It cannot participate in reforming the deed of trust as can Ms. Tollefson and the true holder of the note. Therefore, no claim for reformation of the deed of trust can be stated against MERS here. There also appears to be a conflict in that *defendant* MERS has not had any authority over the subject property

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 3

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

since it purportedly assigned the deed of trust to *plaintiff* Aurora on December 5, 2017.[2] *See* Ex. D, pg. 28. Aurora relies on MERS's corporate assignment of the deed of trust dated December 5, 2017, which states,

> … the said Assignor [MERS] hereby assigns unto the above-named Assignee [Aurora], the said Deed of Trust having an original principal sum of $279,924.00 with interest, secured thereby, …, and the said Assignor [MERS] hereby grants and conveys unto the said Assignee [Aurora], the Assignor's interest under the Deed of Trust.

Ex. D, pg. 28. of complaint. In other words, while using the same law firm, plaintiff sued the entity that assigned it the authority to file this very suit.[3] Moreover, on behalf of Aurora, and in compliance with Washington's Deeds of Trust Act at RCW 61.24.030, Freedom Mortgage Corporation ("Freedom") declared on January 8, 2018, that Aurora is, "the actual holder of the Promissory Note … secured by the Deed of Trust recorded in KING County under Auditor's File No. 20150611000745. This is the same deed of trust that is Aurora's target for reformation and the basis for judicial foreclosure in the complaint also naming its "Assignor" MERS as a defendant. The state complaint itself states Aurora is the holder of the Note, not MERS. Ex. D, pg. 2, ¶9. Aurora failed to allege any facts explaining how MERS has anything to do with either the reformation or judicial foreclosure. There is no question regarding MERS's lack of any authority over the subject property, either to reform the deed of trust or judicially foreclose. Therefore, MERS is neither a real nor substantial party here. *See Navarro Savings,* 446 U.S. 458 at 460.

---

2   Recorded December 20, 2017 as instrument no. 20171220000501.
3   The December 5, 2017 (recorded December 20, 2017) corporate assignment conveyed such rights as "… assigning, or releasing, in whole or in part the Security Instrument, foreclosing or directing the trustee to institute foreclosure of the Security Instrument, or taking such other actions as beneficiary may deem necessary or appropriate under the Security Instrument.

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 4

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

### i. The parties assumed the risk of the purported mutual mistake.

Second, Aurora failed to state a claim against all defendants for reformation of the deed of trust because the parties willingly entered into the deed of trust without any misgivings that the property was located in King County, Washington. Reformation of an agreement is meant to bring a writing that is materially different than the parties' agreement into conformity with that agreement. *Akers v. Sinclair*, 37 Wn.2d 693, 702, 226 P.2d 225, 230 (1950). Courts may reform contracts where scrivener's error or mutual mistakes lead to deficient legal description of land. *Berg v. Ting,* 125 Wash.2d 544, 553-54, 886 P.2d 564 (1995) However, a party cannot invoke mutual mistake where it assumed the risk of that mistake. *Denaxas v. Sandstone Court of Bellevue, L.L.C.,* 148 Wash.2d 654, 667-68, 63 P.3d 125 (2003). The intent of the parties is to be derived from the entire instrument. *Harris v. Ski Park Farms, Inc.,* 120 Wash.2d 727, 739, 844 P.2d 1006, 1012 (1993).

In this context, a mistake is a belief that is not in accord with the facts. *CPL (DEL.) LLC*, 110 Wn.App. 786, 791, 40 P.3d 679, 682 (Wn.App. Div. II. 2002). In the contractual setting, a party bears the risk of a mistake if 'he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient.' *CPL (DEL.) LLC*, 110 Wn.App. at 791, *citing Bennett v. Shinoda Floral, Inc.,* 108 Wash.2d 386, 396, 739 P.2d 648 (1987). In other words, a party's willingness to enter a contract notwithstanding limited knowledge of certain facts shows that those facts were not essential elements of the contract. *CPL (DEL.) LLC*, at 791 *citing Bennett,* 108 Wash.2d at 396. In such a situation there is no mistake. *Id*.

Here, the deed of trust Aurora relies on in its state complaint, refers the reader to page 2 for the property's "[F]ull legal description." On that page 2 the property's full legal description

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 5

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

clearly states the property is located in "King" County. Ex. B, pg. 2. Moreover, there is no question that the note has attached to it an Exhibit 'A' which provides the full legal description, including an accurate reference to "King" County, Washington. Aurora's complaint for reformation is based on an error that is so inconsequential as to clearly and convincingly prove that AFN as lender and owner assumed its risk. This is by far a more plausible explanation because "King" County is referenced in numerous other places through-out the deed of trust including the full description on page 2 of the note and its attached Exhibtit 'A'.[4] The closing document packet was replete with copies of the same exhibit. For example, the sellers/owner's affidavit of indemnity states in bold and all cap font states,

> **"FOR LEGAL DESCRIPTION, SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF."**

Ex. E, pg. 1. In reference to the county the property is located in, the referenced Exhibit "A" names "King" county twice. Ex. E, pg. 2. Aurora makes no allegations that the single omission of a reference to "King" county materially changed the deed of trust to something other than what was contemplated by the parties. Aurora's complaint fails to plead how reformation will bring the agreement back into the parties' understanding. The parties' willingness to enter into the deed of trust, shows the error was neither material nor its correction essential to the parties' accurate execution of their mutual understanding of the agreement. See *CPL (DEL.) LLC*, at 791 *citing Bennett,* 108 Wash.2d at 396. The assumption of risk is punctuated by the fact that 28 days the deed of trust was recorded on June 11, 2015, a duplicate deed of trust was recorded containing the same single omission of reference to "King" that Aurora poses here as a material mistake. Thus, Aurora has not stated a plausible basis to reform the deed of trust.

---

[4] If the single omission of the word "King" was so sufficiently material as to alter the parties' agreement in a way different from what the parties meant, then the deed of trust containing the inadequate legal description of the property to be conveyed is void, and is not subject to reformation. *Howell v. Inland Empire Paper Co.*, 28 Wn.App. 494, 495, 624 P.2d 739, 741.

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 6

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

_____
Arthur E. Ortiz, WSBA No. 26676
Attorney for Defendants

**MOT. TO DISMISS STATE COURT PLNTFF.'S**
**COMPLAINT FOR REFORMATION**
Page - 7

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Grace Chu, WSBA No. 51256
Attorney for Counterclaim Defendant Aurora Financial Group,
McCarthy Holthus, LLP
108 1st Ave., Ste. 300
Seattle, WA 98104-2104
Tel.:    (206) 596-4856
Email:  gchu@mccarthyholthus.com

DATED this 24th day of February, 2020.

_____
Arthur Ortiz, WSBA 26676
Attorney for defendant, Mary K. Tollefson

**MOT. TO DISMISS STATE COURT PLNTFF.'S COMPLAINT FOR REFORMATION**
Page - 8

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com