**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AURORA FINANCIAL GROUP, INC, | Case No.: 20-CV-00297-JLR |
| Plaintiffs, | |
| v. | **RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| MARY K. TOLLEFSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCCUPANTS OF THE PREMISES, | **NOTED FOR: 3/20/2020** |
| Defendants. | |
| MARY K. TOLLEFSON; | |
| Counter-Plaintiff | |
| v. | |
| AURORA FINANCIAL GROUP, INC. | |
| Counter-Defendant | |
| FREEDOM MORTGAGE CORP.; MCCARTHY & HOLTHUS; | |
| Third Party Counter-Defendants | |

## I.   RESPONSE

Aurora Financial Group, Inc. ("Aurora"), by and through their counsel of record, Wright,

Finlay & Zak, LLP, responds to Mary K. Tollefson's ("Tollefson") Motion to Dismiss Complaint

---

RESPONSE TO TOLLEFSON'S MOTION TO DISMISS – Page 1

1 | for Reformation of Deed of Trust and Declaratory Relief ("Motion") and requests Tollefson's

2 | Motion be denied.

3 | ## II. FACTS

4 | On or about May 22, 2015, Tollefson executed a Promissory Note ("Note") in favor of

5 | American Financial Network, Inc., in the amount of $279,924.00. *See* Dkt. No. 1-2.

6 | Simultaneously, a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. solely

7 | as nominee for American Financial Network, Inc., was executed to secure payment of the Note.

8 | *See* Dkt. No. 1-3. The Deed of Trust, which encumbers the real property situated in King County

9 | commonly known as 1316 6th Place NE, in Auburn, WA 98002 ("Property"), was recorded in the

10 | official records of the King County Auditor on June 11, 2015, under instrument no.

11 | 20150611000745. *Id.*

12 | When the Deed of Trust was recorded, there was a small scrivener's error in the legal

13 | description contained in the body of the document. *See* Dkt. 1-3, page 3. The legal description, in

14 | relevant part, says "in the county, Washington". *Id.* The legal description should say "in King

15 | County, Washington." *See* Dkt. 3-2 ¶7.

16 | Following Tollefson's Default on the underlying loan obligation, Aurora commenced

17 | action in State Court to foreclose on the Deed of Trust. *See* Dkt. 3-2. At that time, Aurora

18 | included a claim for Reformation and Declaratory Relief to correct the scrivener's error in the

19 | legal description to ensure clear title upon the completion of the foreclosure. *Id.*

20 | ## III. STATEMENT OF THE ISSUE

21 | Whether Tollefson's Motion should be denied as there is a basis for Aurora's claim for

22 | reformation.

23 | ## IV. AUTHORITY AND ARGUMENT

24 | **A. Aurora's Claim for Reformation and Declaratory Relief is Appropriate.**

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206) 946-8109

1      Aurora's claim for reformation of the deed of trust and declaratory relief is appropriately

2   made. A party may seek reformation of a contract if (1) the parties made a mutual mistake or (2)

3   one of them made a mistake and the other engaged in inequitable conduct. *Wash. Mut. Sav. Bank*

4   *v. Hedreen,* 125 Wash.2d at 525, 886 P.2d 1121 (1994). "However, reformation is justified only if

5   the parties' intentions were identical at the time of the transaction." *Seattle Prof'l Eng'g*

6   *Employees Ass'n v. Boeing Co.*, 139 Wash.2d at 832–33, 991 P.2d 1126 (2000).

7      Here, and Tollefson's motion agrees, both Parties intended to encumber the Property

8   already owned by Tollefson. *See* Dkt. No. 4, Stmt of Facts. The last recorded conveyance deed

9   transferring the Property to Tollefson includes the legal description "Lot 8, Massey's First

10  Addition to Auburn, according to the plat thereof recorded in Volume 58 of Plats, Page(s) 51, in

11  King County, Washington." *See* Request for Judicial Notice, Ex. 1. The substitution of the word

12  "the" for the word "King" in the legal description contained in the body of the complaint is a

13  scrivener's error which does not reflect the intent of the parties. Courts may reform contracts

14  where scrivener's error or mutual mistakes lead to a deficient legal description of land. *Berg v.*

15  *Ting,* 125 Wash.2d 544, 553-54, 886 P.2d 564 (1995). Here Aurora is asking the Court to reform

16  the Deed of Trust to correct the scrivener's error that omits the county in which the property is

17  located from the legal description in the body, to ensure future clarity in the records for the

18  transfer of land titles.  Therefore, Aurora's claims for reformation and declaratory relief should

19  not be dismissed.

20      **B.  Aurora's Claim for Reformation and Declaratory Relief is against Tollefson only.**

21      Tollefson is misreading the Complaint as to the relationship between naming Mortgage

22  Electronic Registration Systems ("MERS") and the action for reformation. Both state and federal

23  rules require the joinder of necessary parties if, by leaving them out, complete relief cannot be

24  obtained between those already parties to the action. CR 19(a)(1)(A), and (B)(i-ii); and FRCP

RESPONSE TO TOLLEFSON'S MOTION TO DISMISS  – Page 3                Wright, Finlay & Zak, LLP
                                                                   612 S. Lucile St., Suite 300
                                                                   Seattle, WA 98108
                                                                   (206) 946-8109

1  19(a)(1)(A), and (B)(i-ii).  MERS is named in the Complaint solely to extinguish any interest it

2  may have in the subject property due to the fact that the Deed of Trust was recorded twice, and

3  the recording number from the second recording is not contained in the Assignment of Deed of

4  Trust. *See* Dkt 1-5, pgs 8 & 32. The re-recording of the Deed of Trust was not identified as a re-

5  recording, because it lacked the recording information from the original recorded Deed of Trust.

6  *Id.* For the purposes of title, there appear to be two separate deeds, one of which is junior. As the

7  second recorded Deed of Trust has never been assigned out of MERS, MERS is the appropriate

8  party to name to ensure that the Deed of Trust is properly extinguished as part of the foreclosure.

9  MERS, as a listed separate deed of trust beneficiary, is a necessary party to the judicial

10  foreclosure claim so that Aurora can clear title obtaining complete relief upon foreclosure.

11          **C.  Tollefson Admits to Mutual Assent, thus Tollefson Should Stipulate.**

12          The overarching sentiment in Tollefson's motion is that the reformation claim is not

13  required because the parties *agree* that the intention of the Deed of Trust by other references

14  within the document makes it clear the property was located in King County. While it is the right

15  of a defendant in an action to move to dismiss a claim they believe is not properly brought,

16  considerations of preserving judicial resources on an agreed issue should be employed as well. In

17  lieu of dismissal, Tollefson should be communicating with Aurora to discuss stipulating to the

18  resolution of a clearly agreed upon issue.

19  //

20  //

21  //

22  //

23  //

24  //

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206) 946-8109

**CONCLUSION**

Aurora requests this Court deny Tollefson's motion to dismiss the claims of Reformation and Declaratory Relief from the Complaint. In the alternative, if the Court feels that the claims of Reformation and Declaratory Relief are not sufficiently pled, Aurora requests that the Court allow leave to amend the Complaint to clarify the relief sought.

DATED: March 16, 2020                    WRIGHT FINLAY & ZAK, LLP


*/s/ Synova M. L. Edwards*_____
Synova M. L. Edwards, WSBA # 43063
Attorneys for Defendant

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206) 946-8109

# CERTIFICATE OF SERVICE

I am employed in the County of King, State of Washington.  I am over the age of eighteen (18) and not a party to the within action. My business address is 612 S. Lucile St., Suite 300, Seattle, WA 98108.

On March 16, 2020, I served the foregoing documents described as:
1) Response to Defendant's Motion to Dismiss;
2) Request for Judicial Notice; and
3) Proposed Order Denying Motion to Dismiss Claims.

on the following individuals as noted below:

Arthur Ortiz
*Attorney for Mary K. Tollefson*

[ ] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Seattle, WA. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on March 16, 2020, at Seattle, WA.

*/s/ Karina Khamidullina*
Karina Khamidullina

---

RESPONSE TO TOLLEFSON'S MOTION TO DISMISS  – Page 6

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206) 946-8109