Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AURORA FINANCIAL GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARY K. TOLLEFSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCCUPANTS OF THE PROPERTY, <br><br> Defendants. | No. 2:20-cv-00297-JLR <br><br> DEFENDANT MARY K. TOLLEFSON'S REPLY TO PLAINTIFF AURORA'S RESPONSE TO HER MOTION TO DISMISS AURORA'S COMPLAINT FOR REFORMATION OF THE DEED OF TRUST AND DECLARATORY RELIEF <br><br> Noted for Motion Calendar: <br><br> March 20, 2020 |
| MARY K. TOLLEFSON <br><br> Counter-Plaintiff, <br><br> vs. <br><br> AURORA FINANCIAL GROUP, INC., <br><br> Counter-Defendants. <br><br> and <br><br> FREEDOM MORTGAGE CORP., AND MCCARTHY & HOLTHUS LLP. <br><br> Third-Party Defendants. | |
**DEF'S REPLY TO PLTFF'S RESP. TO DEF'S
MOT TO DISMISS REFORMATION CLAIM**
Page - 1

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

## I. Reply

### A. Aurora Failed to Present Proof Sufficient to Reform the Deed of Trust.

Reformation of an agreement is meant to bring a writing *that is materially different than the parties' agreement* into conformity with that agreement. *Emph. added and compare Glepco v. Reinstra*, 175 Wn. App. 545, 560-562 (2013)(The parties' belief as to what land was described was not in accord with the fact that the legal description actually only covered one of two combined lots)*, and Akers v. Sinclair*, 37 Wn.2d 693, 702, 226 P.2d 225, 230 (1950)(ruling on consolidated suits to reform three promissory notes where a party asserted a missing corporate officer's designation raised the question of whether that signatory was bound to the note as an individual, the Washington Supreme Court granted reformation where clear, cogent, and convincing evidence showed the parties intended to bind a corporation through its officers, and denied reformation where clear, cogent, and convincing evidence showed the parties intended for the note to be enforceable against a corporate officer individually.)

Unlike the deed of trust in *Glepcoe*, where the buyers thought they bought a lot comprised of two formerly separate lots combined into one, the deed of trust sought to be reformed here is **NOT** at all materially different than the instant parties' agreement. There is nothing to reform here because the "mistake" Aurora champions does not exist. A mistake is a belief that is not in accord with the facts. *CPL (DEL.) LLC*, 110 Wn.App. 786, 791, 40 P.3d 679, 682 (Wn.App. Div. II. 2002). Like the promissory note that was denied reformation in Akers, there is no clear, cogent, or convincing evidence that the parties intended anything other than what was contained in the body of the note. As here, there is no clear, cogent, or convincing evidence that the parties intended for the mortgage to relate to, or be associated with any property outside of King County, Washington.

Here, the facts are in accord with the parties belief that the property is in King County. If the intent of the parties is to be derived from the entire instrument, the court should note all the correct

**DEF'S REPLY TO PLTFF'S RESP. TO DEF'S MOT TO DISMISS REFORMATION CLAIM**
Page - 2

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

and accurate property legal descriptions through-out the transaction, and attached as exhibits to the mortgage. *Harris v. Ski Park Farms, Inc.,* 120 Wash.2d 727, 739, 844 P.2d 1006, 1012 (1993). *See also* Dkt. No. 4-2, pgs. 3, 9, 11, Dkt. No. 4-3, pgs. 3, 9, 11, and Dkt. No. 4-5, pg. 3.

Aurora failed to dispute that a party cannot invoke mutual mistake where it assumed the risk of that mistake. *Denaxas v. Sandstone Court of Bellevue, L.L.C.*, 148 Wash.2d 654, 667-68, 63 P.3d 125 (2003). Aurora's failure to address the mistake's mutuality, should be considered by the court as an admission that Ms. Tollefson's motion has merit. Local Rule 7(b)(2).

### B. **Aurora Doubles Down On Fraudulently Naming MERS as a Defendant**.

Aurora cannot show that MERS has any interest in the subject property. The deed of trust purportedly creating a junior lien is nothing more than a recorded duplicate. Aurora does not dispute that the first deed of trust and its duplicate both refer to the same loan number. Aurora does not identify or present, any independent promissory note, agreement, or any obligation to pay that is secured by this purported "junior" duplicate deed of trust. Instead of attempting to correct the error by dismissing MERS, Aurora instead doubles down on its excuses for naming MERS; "to ensure that the Deed of Trust is properly extinguished as part of the foreclosure." Problem is, MERS has no interest in the property to extinguish, nevertheless the toxic credit impact and equity consumption by a growing arrears to Ms. Tollefson continues to injure her.

### C. **Laches Makes Amendment Futile**.

Ordinarily, leave to amend a complaint should be freely given, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Meacham v. MERS*, C18-1078-RAJ, Dkt. 15, pg. 13, (U.S.D.C. W.D. Washington, February 13, 2019.) A proposed amendment is futile if it would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Courts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment. *Johnson v. JP*

**DEF'S REPLY TO PLTFF'S RESP. TO DEF'S MOT TO DISMISS REFORMATION CLAIM**
Page - 3

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

*Morgan Chase*, 14-5607-RJB, Dkt. No. 45, Pg. 6, ( U.S.D.C., W.D. Washington, December 15, 2014) *citing Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)(Any amendment would be futile in that it could be defeated on a motion for summary judgment).

Laches means undue and unaccounted for delay, and what constitutes delay sufficient to bar reformation must be determined by the facts of each case and the principles of equity. *Morris v. Hillman Inv. Co.,* 99 Wash. 276, 286-287, 169 P. 837 (1918). Under Washington law, "the party complaining of a mistake must move promptly on its discovery, and if he ratifies the mistake or knowingly accept benefits therefrom, after its discovery, he will not be entitled to a correction." *Morris v. Hillman,* 99 Wash. 286, 169 P. 840. According to Aurora's complaint, the error occurred and was recorded back in 2015. Aurora did not seek reformation until 2020. Aurora offers no explanation for why it waited five years to seek reformation. The defense of laches is grounded upon the principle of equitable estoppel, which will not permit the late assertion of a right where other persons, by reason of the delay, will be injured by the assertion. *Amende v. Pierce County,* 70 Wn. 2d 391, 398, 423 P.2d 634, 639 (1967) ("When a court sees negligence on the one side and injury therefrom on the other it is a ground for denial of relief.") Ms. Tollefson's arrears soared while Aurora avoided default mitigation[1]. As Ms. Tollefson attempts to recover from the default, Aurora's foreclosure indefiniteness has caused her to lose equity in the property, subjected her to adverse credit impact, and has costed her in time and expense associated with the defense of this lawsuit.

### D. <u>Conclusion</u>.

To summarize, Aurora sued Ms. Tollefson in state court for reformation of a deed of trust, misrepresenting the materiality of the purported "inadvertence," adding a fraudulent and conflicted

---

1 Aurora's injurious delay is certified, twice, by two different foreclosure mediators who certified Aurora's participation in foreclosure mediation as a violation of Aurora's duty of good faith under RCW 61.24.163. Dkt. No. 2-6, pgs. 3, 6. The parties spent fourteen months in Washington's foreclosure mediation program, and not once did Aurora bring up reformation. In the meantime arrears and loan costs grew, not to mention the opportunity costs associated with Aurora's mitigation evasion resulting in Ms. Tollefson's inability to sell the property to recover her ever diminishing equity in the property.

**DEF'S REPLY TO PLTFF'S RESP. TO DEF'S MOT TO DISMISS REFORMATION CLAIM**
Page - 4

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

defendant party, misrepresenting the existence of additional debt and liens on the property by misrepresenting a duplicate deed of trust as securing non-existent debt obligation thus encumbering the property with false liens, and failing to disclose that MERS's purported "junior" deed of trust and the originally recorded deed of trust share the same debt amount, loan number, and signing date. Now, like a bully caught in the act, Aurora pleads that its victim, "should be communicating with Aurora to discuss stipulating to the resolution of a clearly agreed upon issue." This statement is made in willful disregard of the facts and the applicable reformation law addressed by this motion. It also represents a profound disregard of professional responsibility. Aurora's reformation claim reflects an extreme departure from the reasonable diligence required by Rule of Professional Conduct ("RPC") 1.3. Even cursory diligence would have revealed that the second deed of trust was a duplicate and not securing any separate debt obligation. Naming MERS as a defendant when Aurora's authority to sue actually came from MERS's own extension of its assignment authority, appears to be a conflict of interest.

Ms. Tollefson respectfully requests the court dismiss Aurora's reformation claim with prejudice.

Dated this 19th day of March, 2020.

_____
Arthur E. Ortiz, WSBA No. 26676
Attorney for Mary K. Tollefson

**DEF'S REPLY TO PLTFF'S RESP. TO DEF'S MOT TO DISMISS REFORMATION CLAIM**
Page - 5

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

| | |
|---|---|
| Synova M. L. Edwards, WSBA 43063<br>Attorney for Aurora Financial Group, Inc., and Freedom Mortgage Corp.<br>Wright Finlay & Zak, LLP<br>612 S. Lucile Street, Suite 300<br>Seattle, WA 98108<br>Phone: (206) 946-8109<br>Facsimile: (949) 608-9142<br>Email: smledwards@wrightlegal.net | Joseph Ward McIntosh, WSBA No. 39470<br>Attorney for McCarthy Holthus, LLP<br>McCarthy Holthus, LLP<br>108 1st Ave., Ste. 300<br>Seattle, WA 98104-2104<br>Tel.: (206) 596-4856<br>Email: jmcintosh@mccarthyholthus.com |

DATED this 19th day of March, 2020.

_____
Arthur Ortiz, WSBA 26676
Attorney for defendant, Mary K. Tollefson

**DEF'S REPLY TO PLTFF'S RESP. TO DEF'S MOT TO DISMISS REFORMATION CLAIM**
Page - 6

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com