1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10  AURORA FINANCIAL GROUP, INC., | CASE NO. C20-0297JLR |
| 11 | ORDER DENYING |
| 12           Plaintiff, | DEFENDANT'S MOTION TO DISMISS |
|          v. | |
| 13  MARY K. TOLLEFSON, et. al., | |
| 14 | |
|              Defendants. | |
| 15 | |

16                    **I.    INTRODUCTION**

17        Before the court is Defendant Mary K. Tollefson's motion to dismiss for failure to

18   state a claim.  (MTD (Dkt. # 4).)  Plaintiff Aurora Financial Group ("Aurora") opposes

19   the motion.  (Resp. (Dkt. # 14).)  The court has considered the motion, the relevant

20   //

21   //

22   //

1  portions of the record, and the applicable law.  Being fully advised, the court DENIES

2  Ms. Tollefson's motion.[1]

3  **II.   BACKGROUND**

4        On May 22, 2015, Ms. Tollefson refinanced her residential mortgage by executing

5  a promissory note in favor of American Financial Network, Inc. ("American") for

6  $279,924.00.  (Not. of Removal (Dkt. #1), Ex. A (Dkt. # 1-2) at 2.)[2]  Ms. Tollefson

7  simultaneously executed a deed of trust to Mortgage Electronic Registration Systems,

8  Inc. ("MERS") as nominee for American, encumbering the real property in King County

9  at 1316 6th Place NE in Auburn, WA 98002 ("the Property"), as collateral for the loan.

10  (*Id.*, Ex. B (Dkt. # 1-3) ("Deed") at 2.)  The deed of trust was recorded on June 11, 2015,

11  with the King County Auditor under Instrument No. 20150611000745.  (Compl. (Dkt.

12  ## 1-5, 1-10) ¶ 6; *see generally* Deed.)  MERS later assigned the deed of trust to Aurora,

13  and this assignment was recorded with the King County Auditor on December 20, 2017,

14  as Instrument No. 20171220000501.  (Compl. ¶ 8; *see also* Not. of Removal, Ex. E (Dkt.

15  # 7) ¶¶ 2-4; Resp. at 5 ("Aurora's authority to sue actually came from MERS's own

16  extension of its assignment authority . . . .").)

17        However, there was an error on the deed of trust, which noted that the Property

18  was located in "THE COUNTY" instead of "KING COUNTY."  (Deed at 2.)  The parties

19

20      [1] No party requests oral argument (*see* MTD at 1; Resp. at 1), and the court does not
consider oral argument to be helpful to its disposition of Ms. Tollefson's motion, *see* Local Rules
21  W.D. Wash. LCR 7(b)(4).

22      [2] Unless otherwise noted, all citations to page numbers refer to those provided by the
court's electronic filing system ("ECF").

1    seemingly agree that this was a mutual mistake.  (*See* MTD at 6 ("In reference to the

2    county the property is located in, the referenced [deed of trust] names 'King' county [sic]

3    twice. . . . Aurora makes no allegations that the single omission of a reference to 'King'

4    county [sic] materially changed the deed of trust to something other than what was

5    contemplated by the parties."); Resp. at 4 ("The overarching sentiment in [Ms.

6    Tollefson's motion to dismiss] is that the reformation claim is not required because the

7    parties *agree* that the intention of the [d]eed of [t]rust by other references within the

8    document makes it clear the property was located in King County."); Reply at 2 ("Here,

9    the facts are in accord with the parties belief that the property is in King County.").)

10   Despite this apparent agreement, the parties proceed to litigate this issue, among others.

11   (*See* Resp. at 4 (arguing that in lieu of moving for dismissal, Ms. Tollefson should be

12   stipulating to an agreed issue).)

13           On January 31, 2020, Aurora filed a complaint against Ms. Tollefson in King

14   County Superior Court.  (*See generally* Compl.)  Aurora alleges that Ms. Tollefson "has

15   failed to make the monthly payment due on August 1, 2017, and in subsequent months,"

16   and accordingly, Aurora seeks to foreclose on the Property.  (Compl. ¶ 21.)  Specifically,

17   Aurora seeks the following:  (1) a reformation of the deed of trust (Deed at 2) changing

18   "THE COUNTY" to "KING COUNTY"; (2) a declaration "that the reformed [d]eed of

19   [t]rust is a valid lien against [the Property] and is senior to that of any and all other

20   person(s)"; and (3) judicial foreclosure on the Property due to Ms. Tollefson's failure to

21   pay her mortgage since August 1, 2017 (*see* Compl. ¶¶ 14, 19, 21, 28).

22   //

1    Although Aurora initially filed its complaint in King County Superior Court, Ms.

2    Tollefson removed the matter to this court on February 24, 2020.  (Not. of Removal at

3    15.)  Ms. Tollefson filed the present motion to dismiss for failure to state a claim on

4    February 25, 2020, and she asserts that Aurora "failed to state a claim against MERS . . .

5    because MERS is not a signatory to the deed of trust in question" and because Aurora

6    "assumed the risk of the purported mutual mistake."  (MTD at 3.)  Ms. Tollefson also

7    argues that Aurora "failed to state a claim against all defendants for reformation of the

8    deed of trust because the parties willingly entered into the deed of trust without any

9    misgivings that the property was located in King County, Washington" and Aurora

10   assumed the risk of the mistake.  (*Id.* at 5.)

11        Aurora maintains that its claims for reformation of the deed of trust and

12   declaratory relief are solely against Ms. Tollefson and that "MERS is named in the

13   [c]omplaint solely to extinguish any interest it may have in the subject property due to the

14   fact that the [d]eed of [t]rust was recorded twice, and the recording number from the

15   second recording is not contained in the [a]ssignment of [d]eed of [t]rust."  (Resp. at 4.)

16   In support of its response, Aurora also asks the court to take judicial notice of a statutory

17   warranty deed executed by Ms. Tollefson.  (RJN (Dkt. # 14-1) at 1-2, Ex. 1.)

18        The court now considers Ms. Tollefson's motion.

19                         **III.    ANALYSIS**

20   **A.    Aurora's Request for Judicial Notice**

21        As an initial matter, Aurora asks the court to take judicial notice of a "[s]tatutory

22   [w]arranty [d]eed conveying property from Mary Kay Tollefson . . . to Mary K [sic]

Tollefson," which was "recorded on April 29, 2013 in the records of King County, under Auditor's File No. 20130429000999."  (RJN at 1-2.)  The court may take judicial notice of a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  "In considering a motion to dismiss, the court may 'take judicial notice of public records . . . .'"  *Dunn v. BNSF Ry. Co.*, No. C17-0333JLR, 2017 WL 3670559, at *2, n.4 (W.D. Wash. Aug. 25, 2017) (citing *Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1214 (W.D. Wash. 2003); *see also U.S. ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011) (stating that courts may take judicial notice of "matters of public record" that are not "subject to reasonable dispute"); *Beaton v. JPMorgan Chase Bank N.A.*, No. C11-0872 RAJ, 2012 WL 909768, at *1, n.2 (W.D. Wash. Mar. 15, 2012) (taking judicial notice of a statutory warranty deed).  Ms. Tollefson has not denied the accuracy of the statutory warranty deed appended to Aurora's request for judicial notice.  (*See generally* Reply.)  Accordingly, the court GRANTS Aurora's request and takes judicial notice of the statutory warranty deed.

**B.    Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint "in the light most favorable to the non-moving party."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept "all well-pleaded factual allegations as true and . . . draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 663 (9th Cir. 1998).  Dismissal under Rule 12(b)(6)

1    "can be based on the lack of a cognizable legal theory or the absence of sufficient facts

2    alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

3    696, 699 (9th Cir. 1990).  Although a complaint need not contain detailed factual

4    allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

5    "requires more than labels and conclusions, and a formulaic recitation of the elements of

6    a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)

7    (citations omitted).  The complaint must plead "enough facts to state a claim to relief that

8    is plausible on its face."  *Id.* at 570.

9  **C.    Ms. Tollefson's Motion to Dismiss**

10         Ms. Tollefson presents two arguments in her motion to dismiss:  (1) Aurora failed

11   to state a cause of action against MERS, and in fact cannot do so because "MERS is not a

12   signatory to the deed of trust in question"; and (2) Aurora cannot state a claim for

13   reformation of the deed of trust because Aurora assumed the risk of the mutual mistake

14   regarding the typographical error.  (MTD at 3, 5; *see also* Deed at 2.)  The court now

15   turns to Ms. Tollefson's arguments.

16         1.   Whether Aurora Improperly Joined MERS as a Defendant

17         Ms. Tollefson apparently believes that Aurora fraudulently joined MERS as a

18   defendant to this suit and that this means Aurora has failed to state a claim upon which

19   relief can be granted.  (*See* Reply at 3 (arguing that Aurora has fraudulently named

20   MERS as a defendant).)  This is incorrect.  Ms. Tollefson misunderstands why Aurora

21   joined MERS as a defendant in the first place.  Aurora alleges that Ms. Tollefson "made,

22   executed and delivered to [MERS], as nominee for [American], a [d]eed of [t]rust

1   encumbering the Property," which was "recorded on June 11, 2015." (Compl. ¶ 6.)

2   Moreover, Aurora alleges that MERS "claim[s] some right, title or interest in the

3   Property" through a "[j]unior [d]eed of [t]rust" in the amount of $279,924.00. (*Id.* ¶ 23.)

4   Aurora notes that "[f]or the purposes of title, there appear to be two separate deeds," and

5   "[a]s the second recorded [d]eed of [t]rust has never been assigned out of MERS, MERS

6   is the appropriate party to name to ensure that the [d]eed of [t]rust is properly

7   extinguished as part of the foreclosure." (Resp. at 4.)

8        State and federal law require the joinder of necessary parties "when the court

9   cannot accord 'complete relief' to the existing parties without the absent party's

10  participation." *See Blumberg v. Gates*, 203 F.R.D. 444, 446 (9th Cir. 2001); *see also*

11  *State v. Evergreen Freedom Found.*, 404 P.3d 618, 628 (Wash. Ct. App. 2017).

12  Washington courts have determined that MERS does not qualify as a beneficiary under

13  Washington's Deeds of Trust Act because it does not hold the promissory notes that the

14  deeds of trust secure. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 37 (Wash. 2012)

15  ("[I]f MERS does not hold the note, it is not a lawful beneficiary."); *see also* RCW 61.24

16  *et seq*. Nevertheless, "under *Bain*, 'the mere fact MERS is listed on the deed of trust as a

17  beneficiary is not itself an actionable inquiry.'" *Good v. Fifth Third Bank*, No. 2:13-cv-

18  02330-RSM, 2014 WL 2863022, at *3 (W.D. Wash. June 23, 2014) (citing *Bain*, 285

19  P.3d at 52)). Further, courts reject the notion that "MERS' participation taint[s]

20   subsequent assignments and foreclosure actions." *Cagle v. Abacus Mortg., Inc.*, No.

21  2:13-cv-02157-RSM, 2014 WL 4402136, at *4 (W.D. Wash. Sept. 5, 2014).

22  //

1    Here, out of an abundance of caution, Aurora names MERS as a party and alleges

2    that MERS is a beneficiary of the deed of trust and claims a junior interest in the

3    Property.  (*See* Compl. ¶¶ 6, 23.)  Aurora names MERS "solely to extinguish any interest

4    it may have in the subject property due to the fact that the [d]eed of [t]rust was recorded

5    twice, and the recording number from the second recording is not contained in the

6    [a]ssignment of [d]eed of [t]rust."  (*See* Resp. at 4 (citing Compl. at 8, 32).)  The mere

7    inclusion of MERS on the deed of trust, in and of itself, does not undermine Aurora's

8    claims against Ms. Tollefson for reformation or foreclosure.  *See Good*, 2014 WL

9    2863022, at *3; *Cagle*, 2014 WL 4402136, at *4.

10    More importantly, however, Ms. Tollefson fails to make any argument as to why

11    the presence of MERS in this suit means Aurora has failed to state a claim against Ms.

12    Tollefson.  After construing the complaint in the light most favorable to Aurora, the court

13    finds that Aurora has plausibly stated a claim for reformation, declaratory relief, and

14    judicial foreclosure against Ms. Tollefson for failing to pay her mortgage since early

15    2017.  (*See* Compl. ¶¶ 14, 19, 21, 28.)

16    2.  <u>Whether Aurora Assumed the Risk of a Mutual Mistake</u>

17    Aurora argues that it may seek reformation of the deed of trust and declaratory

18    relief if the parties made a mutual mistake by inadvertently substituting the word "THE"

19    for "KING" in the legal description.  (*See* Resp. at 3.)  Ms. Tollefson asserts that Aurora

20    has "failed to state a claim against all defendants" because it "cannot invoke mutual

21    mistake where it assumed the risk of that mistake."  (MTD at 5.)  She also argues that

22    "Aurora failed to present proof sufficient to reform the deed of trust."  (Reply at 2

1    (bolding and capitalization omitted).)  These are not coherent arguments on a motion to

2    dismiss.  Both parties apparently agree that the deed of trust should say "KING

3    COUNTY" instead of "THE COUNTY."  (*See* MTD at 6; Resp. at 4; Reply at 2; *see also*

4    Deed at 2.)   Nevertheless, Ms. Tollefson persists in arguing that Aurora cannot assert

5    mutual mistake because it assumed the risk of such a mistake.  (Mot. at 5-6; Reply at 3.)

6    The purpose of a Rule 12(b)(6) motion is to "test the legal sufficiency" of a complaint.

7    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Aurora need not prove its claims at

8    this point of the litigation.  *See id.*  Ms. Tollefson has not made any arguments suggesting

9    that Aurora failed to establish a cognizable legal theory or that Aurora failed to allege

10   sufficient facts to support a cognizable legal theory in its complaint.  (*See generally*

11   MTD.)

12           Thus, the court DENIES Ms. Tollefson's motion to dismiss because she failed to

13   argue that Aurora failed to state a claim upon which relief can be granted.  Moreover, the

14   court finds the complaint sufficient to establish a plausible claim for relief against Ms.

15   Tollefson.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

1

### IV.   CONCLUSION

2          For the reasons set forth above, the court DENIES Ms. Tollefson's motion to

3    dismiss (Dkt. #4).

4          Dated this 24th day of July, 2020.

5

6

7    _____

8    JAMES L. ROBART
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22