Hon.   James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AURORA FINANCIAL GROUP, INC.,

      Plaintiff,

      vs.

MARY K. TOLLEFSON; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., OCCUPANTS OF THE PROPERTY,

      Defendants.

MARY K. TOLLEFSON

      Counter-Plaintiff,

      vs.

AURORA FINANCIAL GROUP, INC.,

      Counter-Defendants.


      and

FREEDOM MORTGAGE CORP., AND
MCCARTHY & HOLTHUS LLP.

      Third-Party Defendants.

No. 2:20-cv-00297-JLR

MOTION TO CERTIFY A QUESTION
OF LOCAL LAW TO THE WASHINGTON
STATE SUPREME COURT

Noted for Motion Calendar:

September 18, 2020

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

## I.   INTRODUCTION AND SUMMARY OF THE ISSUE

Counter-Plaintiff, Mary K. Tollefson, through her attorney, Arthur E. Ortiz, respectfully requests that the Court certify the following question of Washington State Law to the Washington State Supreme Court;

> Whether Washington's Foreclosure Fairness Act's ("FFA") plain language at RCW 61.24.135(2) includes or excludes third-party defendants like McCarthy Holthus LLP ("M&H") where the FFA states,  "[i]t is an unfair or deceptive act ...for any person or entity to: (a) Violate the duty of good faith under RCW 61.24.163."

RCW 61.24.135(2)

## II.   PERTINENT FACTS

The dispute stems from a foreclosure mediator's certification at the conclusion of the parties foreclosure mediation effort to resolve counter-plaintiff's mortgage default. Twice such efforts resulted in a foreclosure mediator certifying co-defendants' lack of good faith in foreclosure mediation. McCarthy Holthus LLP ("M&H") represented the then beneficiary Aurora Financial and Freedom Mortgage, Aurira's servicer agent. When the foreclosure mediators certified the parties foreclosrue mediation participation, the mediator included M&H as a participant but was not denoted as the beneficiary. After the second foreclosure mediation certification indicating counter-defendants' collective lack of good faith, counter-plaintiff removed and filed the instant counterclaims against counter-defendants. On August 19, 2020, the court in this case issued an order dismissing counter-plaintiff's Consumer Protection Act ("CPA") claims stating,

> Indeed, the Foreclosure Mediation Report/Certification that Ms. Tollefson attaches to her initial answer and cites in her amended answer finds only the "beneficiary" or Freedom Mortgage to be "not in good faith."  (See Ans. Ex. F at 002, 005 (capitalization omitted).) Further, pursuant to the Foreclosure Mediation

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

Report/Certification, MH was not a party to the mediation but rather only appeared
as Freedom Mortgage's attorney. *(See id.* at 001, 004.) Thus, the court does not
find Ms. Tollefson's allegation that MH was found to  be "not in good faith" during
the foreclosure mediation to be plausible and disregards it.

*Aurora Financial Group v. Tollefson*, C20-0297-JLR, Dkt. No. 30, pg. 12 (U.S.D.C., W.D. Wash., Aug.
19, 2020). The Court's decision with regard to counter-plaintiff's CPA claims against M&H at Dkt. No.
30, conflicts with recent decisions regarding interpretation of the same portion of the state statute;
namely, Washington's FFA, at RCW 61.24.135(2).

Two courts in the U.S. Western District of Washington previously clarified what the plain
language of the FFA at RCW 61.24.135(2) meant. Neither agreed with this court and neither found
that the FFA limits the requirement of good faith to just the beneficiary, but rather, the FFA
contemplates the acts of "any person or entity," under the ambit of the FFA's duty of good faith under
RCW 61.24.135(2). *See Minie v. Selene Finance et al*, 3:18-cv-5364-RJB, Dkt. No. 48, pg. 16,
(U.S.D.C., W.D. Wash., Jan. 15, 2019). Also in *Smith v. Bank of New York Mellon, et al*, the court
clarified that where, "[P]laintiff attached to her complaint a certification signed by the mediator, which
states that M&C represented the beneficiary in the mediation, and that the beneficiary "failed to
timely participate,"" the court found that, "[P]laintiff has sufficiently alleged a *per se* unfair or
deceptive act in trade or commerce under Revised Code of Washington § 61.24.13 5(2)." *Smith v.
Bank of New York Mellon, et al*, 2:19-cv-0538-JCC, pg. 5, ((U.S.D.C., W.D. Wash., July 9, 2019.)

### III.    AUTHORITY & ARGUMENT

This Motion is made pursuant to the Federal Court Local Law Certificate Procedure Act
(RCW 2.20 *et. seq.*), Washington Rules of Appellate Procedure 16.16, and the files and records
herein. This court's decision at Dkt. No. 30, creates a split in the Western District as to who falls
under the category, "any person or entity," under the FFA's requirement that participants in

**MOT. TO CERTIFY A QUESTION OF LOCAL LAW TO STATE
SUPREME COURT**
Page - 3

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

foreclosure mediation, participate in good faith. RCW 61.24.135(2). Currently whether drafting affirmative or defensive pleadings, party counsel must contend with this split until resolved. Absent certification to the Washington Supreme Court, the task of this court would be to interpret RCW 61.24.135(2) as it believes the Washington Supreme Court would do. *Planned Parenthood of Idaho v. Wasden*, 376 F.3d 908, 925 (9th Cir. 2004)(when "construing a state statute, our role is to interpret the law as would the Idaho Supreme Court.") Certification will serve the interests of efficiency and economy by saving, "time, energy, and resources and help[ing] build cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). The question is appropriate for final resolution before the Washington Supreme Court.

The Washington Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedure Act, RCW 2.60 if:

(1) the question of state law is one which has not been clearly determined; and

(2) the question of law does not involve a question determined by reference to the United States Constitution. Wash. RAP§ 16.16.; RCW 2.60 et. seq.

Procedure on certification to the Supreme Court is governed by RCW 2.60 et. seq. and may be invoked by the federal court or interested party on motion. RCW 2.60.030(1). The decision whether to answer a certified question is within the discretion of the Washington Supreme Court; however, the court lacks jurisdiction to go beyond the question certified. *Broad v. Mannesmann Anlagenbau, A.G.,* 141 Wash.2d 670, 10 P.3d 371 (Wash. 2000)  "Certification procedure shall include and be upon the 'record'" RCW 2.60.30(2). The "record", must include

(a)     a stipulation of facts approved by the federal court; and

(b)     a statement of the question of law certified for answer.

RCW 2.60.010(4)(a)-(b)[1]

---

[1]     The Court may also include a "supplemental record" consisting of "the original or copies of any other portion of the proceedings, pleadings and testimony before the federal court deemed desirable by the Supreme Court in the determination of the local law question certified for answer." RCW 2.60.

**MOT. TO CERTIFY A QUESTION OF LOCAL LAW TO STATE SUPREME COURT**
Page - 4

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

### A. Briefing Schedule

The Plaintiff requests that the Court adopt the briefing schedule on a certified question found at RCW 2.60.030(4). Once the "record" has been filed with the Supreme Court, the moving party in the federal court shall file and serve its brief on the question certified within thirty days (30) after the filing of the record in the Supreme Court, response briefs must be filed twenty (20) days later, and reply brief shall then be filed within ten (10) days. RCW 2.60.030(4)

### B. Argument for Washington Supreme Court

Under Washington law, the primary objective in statutory interpretation "is to ascertain and give effect to the intent of the legislature." *King County v. Taxpayers of King County*, 104 Wn.2d 1, 5, 700 P.2d 1143 (1985) (*quoting Janovich v. Herron*, 91 Wn.2d 767, 771, 592 P.2d 1096, (1979)). In interpreting a statute, the court examines the statute's language, as well as, that of closely related statutes in light of the legislative purpose. *Cockle v. Dept. of labor & Industries*, 142 Wn.2d 801, 807, 16 P.3d 583, (2001). If the statute is unambiguous, the court must give effect to its plain meaning s an expression of legislative intent. *Campbell & Gwinn*, 146 Wn.2d at 9-10, 43 P.3d 4. "[T]he court shouls assumwe that the legislature means exactly what it says. Plain words do not reuire construction." *City of Kent v. Jamkins*, 99 Wn. App. 287, 290, 992 P.2d 1045 (2000). Here the statute is unambiguous, it states,

> It is an unfair or deceptive act in trade or commerce and an unfair method of competition in violation of the consumer protection act, chapter 19.86 RCW, for any person or entity to: (a) Violate the duty of good faith under RCW 61.24.163….

RCW 61.24.135(2). To disregard "any person or entity" and begin exempting parties who participate in foreclosure mediation from the duty of good faith because they are not parties to the mortgage or are just agents of the beneficiary, circumvents the Foreclosure Fairness Act's unambiguous words

**MOT. TO CERTIFY A QUESTION OF LOCAL LAW TO STATE SUPREME COURT**
Page - 5

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

that the duty of good faith under RCW 61.24.163 applies to "any person or entity." RCW

61.24.135(2).

### IV.    Conlcusion

For these and all the above reasons, counter-plaintiff requests that this court enter an Order

certifying the above stated question to the Washington Supreme Court.


Dated this 1st day of September, 2020

_____
Arthur Ortiz, WSBA 26676
Attorney for counter-plaintiff, Mary K. Tollefson

**MOT. TO CERTIFY A QUESTION OF LOCAL LAW TO STATE
SUPREME COURT**
Page - 6

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing

MOTION TO CERTIFY QUESTION OF LOCAL LAW TO STATE COURT with the

Clerk of the Court using the CM/ECF system which will send electronic notification of

such filing to the following person(s):

Synova M. L. Edwards, WSBA 43063
Attorney for Aurora Financial Group, Inc.,
and Freedom Mortgage Corp.
Wright Finlay & Zak, LLP
612 S. Lucile Street, Suite 300
Seattle, WA 98108
Phone: (206) 946-8109
Facsimile: (949) 608-9142
Email: smledwards@wrightlegal.net

Joseph Ward McIntosh, WSBA No. 39470
Attorney for McCarthy Holthus, LLP
McCarthy Holthus, LLP
108 1st Ave., Ste. 300
Seattle, WA 98104-2104
Tel.:    (206) 596-4856
Email:  jmcintosh@mccarthyholthus.com

DATED this 1st day of September, 2020.

_____
Arthur Ortiz, WSBA 26676
Attorney for defendant, Mary K. Tollefson

MOT. TO CERTIFY A QUESTION OF LOCAL LAW TO STATE
SUPREME COURT
Page - 7

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com