UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AURORA FINANCIAL GROUP INC, <br><br> Plaintiff, <br><br> v. <br><br> MARY K. TOLLEFSON, et al., <br><br> Defendants. | CASE NO. C20-0297JLR <br><br> ORDER DENYING MOTION TO CERTIFY QUESTION OF LOCAL LAW TO THE WASHINGTON STATE SUPREME COURT |

Before the court is Defendant/Counter-Claimant Mary K. Tollefson's motion to certify a question of local law to the Washington State Supreme Court. (Mot. (Dkt. # 32).) Third-Party Defendant McCarthy & Holthus, LLP ("MH") opposes Ms. Tollefson's motion. (Resp. (Dkt. # 35).) The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Ms. Tollefson's motion to certify.

ORDER - 1

## I. BACKGROUND

The factual background of Ms. Tollefson's third-party claims against MH is set forth in detail in the court's order granting in part and denying in part MH's motion to dismiss Ms. Tollefson's third-party complaint, and the court does not repeat that background here. (*See* 8/19/2020 Order (Dkt. # 30) at 2-6.)

Relevant to the instant motion, the court dismissed without prejudice Ms. Tollefson's third-party claim against MH for violation of Washington State's Consumer Protection Act ("CPA"), RCW ch. 19.86. (8/19/2020 Order at 13.) The court held that Ms. Tollefson had failed to allege facts plausibly supporting an unfair or deceptive act on the part of MH during the foreclosure mediation at issue in this case. (8/19/2020 Order at 12-13.) Ms. Tollefson subsequently moved the court to reconsider its ruling dismissing her CPA claim against MH. (Mot. for Partial Reconsideration (Dkt. # 31).) The court denied that motion. (9/8/2020 Order (Dkt. # 34).) Ms. Tollefson now asks the court to certify the following question to the Washington Supreme Court:

> Whether Washington's Foreclosure Fairness Act's ("FFA") plain language at RCW 61.24.135(2) includes or excludes third-party defendants like [MH] where the FFA states, "[i]it is an unfair or deceptive act . . . for any person or entity to: (a) Violate the duty of good faith under RCW 61.24.163.

(Mot. at 2.)

## II. ANALYSIS

Under Washington law, certification of a question of local law to the Washington Supreme Court is permitted when, in the opinion of the federal court, "it is necessary to ascertain the local law of [Washington] in order to dispose of" a proceeding before it

1  "and the local law has not been clearly determined. . . ." RCW 2.60.020.  The decision
2  whether to certify a question to the Washington Supreme Court rests in the discretion of
3  the federal court considering certification.  *Micomonaco v. Washington*, 45 F.3d 316, 322
4  (9th Cir. 1995).  Even when state law is unclear, the court is not obligated to use the
5  certification process.  *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th
6  Cir. 2009).

7        The court concludes that certification of the proposed question is not warranted.
8  First, Ms. Tollefson's proposed question appears to be based on a misinterpretation of the
9  court's order dismissing her claim.  Contrary to Ms. Tollefson's assertions, the court did
10 not hold that a third-party defendant such as MH could never be held liable under the
11 CPA and FFA for failing to act in good faith in a foreclosure mediation, nor did it hold
12 that the FFA's requirement of good faith is always limited to the mortgage beneficiary.
13 (*See* Mot. at 3, 5-6.)  Rather, the court held that MH could not be held liable under the
14 CPA based merely on its status as the attorney for the mortgage beneficiary, and that Ms.
15 Tollefson had failed to allege facts plausibly supporting an unfair or deceptive act on the
16 part of MH during the foreclosure mediation at issue in this case.  (8/19/2020 Order at
17 12-13.)

18       Furthermore, the court finds that certification is unnecessary because the local law
19 is not unclear.  The court disagrees with Ms. Tollefson's assertion that the court's
20 8/19/2020 order conflicts with other decisions in this district.  (*See* Mot. at 3.)  In *Minie v.*
21 *Selene Finance L.P.*, No. C18-5364RJB, 2019 WL 1316764, at *3-4 (W.D. Wash. Mar.
22 22, 2019), the mortgage beneficiary's law firm was not a defendant in the lawsuit and the

ORDER - 3

court took no position on whether the firm could be held liable for a violation of the CPA. And in *Smith v. Bank of New York Mellon*, No. C19-0538JCC, 2019 WL 2994695, at *3 (W.D. Wash. Jul. 9, 2019), unlike this case, the plaintiff made specific allegations regarding the law firm's conduct in the foreclosure mediation. The cases Ms. Tollefson cites in her motion are not at odds with the court's 8/19/2020 order dismissing her CPA claim against MH. Because the assistance of the Washington Supreme Court is not necessary for the court to ascertain the local law, the court declines to certify Ms. Tollefson's proposed question.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Ms. Tollefson's motion to certify a question of local law to the Washington State Supreme Court (Dkt. # 32).

Dated this 19th day of October, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 4