UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY K. TOLLEFSON | No. 20-CV-00297-JLR |
| Plaintiff, | PLAINTIFF MARY K. TOLLEFSON'S SECOND AMENDED COMPLAINT  FOR DAMAGES |
| vs. | |
| AURORA FINANCIAL GROUP, INC., FREEDOM MORTGAGE CORP., AND MCCARTHY & HOLTHUS LLP., | Jury Demanded |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Mary Tollefson, by and through her attorney, Arthur Ortiz, hereby files her third amended complaint pursuant to the orders found at Dkt. Nos. 30 and 40, and LCR 15. The slander of title claims against Aurora and Freedom are withdrawn based on Aurora's full reconveyance of the duplicate deed of trust recorded in error on April 21, 2020. Exhibit A (a true and correct copy of Aurora's recorded full reconveyance.) This amended complaint, and its recaption,  also reflects the fact that the property was sold September 22, 2020 and the judicial foreclosure lawsuit against Ms. Tollefson was dismissed. Dkt. No. 39. Ms. Tollefson's remaining claims seek to recover compensation for actual damages such as loss of equity (post-sale), prolonged negative credit rating impact, statutory damages, emotional distress, and attorney fees and costs.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 1

Arthur  E. Ortiz, Attorney
6015 California Ave. S.W., No. 203
Seattle, Washington 98136
Tel 206-898-5704     arthur@aeolegal.com

## II.  PARTIES

1.      Mary K. Tollefson is a resident of King County, Washington and the record owner o

the real property located at 1316 6th Place Northeast, Auburn, Washington 98122 ("the property") in

King County that is legally described as:

> LOT 8, MASSEY'S FIRST ADDITION TO AUBURN, ACCORDING TO THE
> PLAT THEREOF RECORDED IN VOLUME 58 OF PLATS, PAGES(S) 51, IN
> KING COUNTY, WASHINGTON.

2.      Mary K. Tollefson is a "consumer" as defined by 15 U.S.C. *§*1692a(3).

3.      Mary K. Tollefson is a "debtor" as defined by RCW §19.16.100(11).

4.      Mary K. Tollefson defaulted on her Mortgage loan August 1, 2017.

5.      Defendant, Aurora Financial Group (*hereinafter* "Aurora") is a foreign, multi-state

corporation doing business in King County, Washington with its principal headquarters located in

Marlton, New Jersey.

6.      On June 1, 2015, Cherry Hill Mortgage Investment Corporation (*hereinafter* "CHMI")

acquired Aurora. Exhibit B, (a true and correct copy of CHMI's Form 8-K.)

7.      Aurora became the holder of the promissory note c/o Freedom Mortgage Corporation, an

assignee of the deed of trust securing that note by a corporate deed of trust signed December 5,

2017. Exhibit C, (true and correct copy of corporate assignment.)

8.      Defendant, Freedom Mortgage Corporation *(hereinafter* "Freedom") is a foreign, multi-state

corporation doing business in King County, Washington with its principal headquarters located in

Mount Laurel, New Jersey.

9.      Defendant, Freedom obtained the servicing rights to this debt after it was already in default

and at that time started soliciting payment from Ms. Tollefson and collecting on the debt.

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

10.     Freedom acts as a debt collector as defined by 15 U.S.C. *§*1692a(6) of the FDCPA, because they regularly use the mails and/or the telephone in their business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

11.     Defendant, Freedom operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the state of Washington via collection letters, phone calls, credit reports and lawsuits.

12.     Defendant, Freedom attempted to collect a "debt" from Ms. Tollefson, as that term is defined by the FDCPA, 15 U.S.C. §1692a (5).

13.     Defendant, Freedom is a "collection agency" that regularly engages in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person as defined by RCW 19.16.100.

14.     Defendant, McCarthy & Holthus LLC (*hereinafter* "M&H") is a law firm doing business in Washington with its principal place of business located in San Diego, California.

15.     Defendant, McCarthy & Holthus LLC is a California state law firm engaged in the business of collecting debts that are originally owed or due, or asserted to be owed or due, to another.

16.     Defendant, McCarthy & Holthus LLC started collecting on this debt after it was already in default and at that time started soliciting payment from Ms. Tollefson and collecting on the debt. They are a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone in their business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

17.     Thus, defendant, McCarthy & Holthus LLC  was acting as a debt collector, as that term is defined in the FDCPA in their attempts to collect a debt from Ms. Tollefson.

18.     Defendant, McCarthy & Holthus LLC  attempted to collect a "debt" from Ms. Tollefson, as that term is defined by the FDCPA, 15 U.S.C. §1692a (5).

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 3

19.     Defendant, McCarthy & Holthus LLC  is an entity who regularly engages in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person as defined by RCW 19.16.100(4).

20.     McCarthy & Holthus LLC (*hereinafter* "M&H") is an out of state debt collector pursuant RCW 19.16.

21.     Defendant, McCarthy & Holthus LLC  have used the mail, the telephone and the internet to reach across state lines into Washington to conduct their business.

22.     Third party defendant, McCarthy & Holthus LLC activities within Washington are limited to collecting debts from debtors located in this state by means of interstate communications, including telephone, mail, or facsimile transmission, from M&H's location in San Diego, California.

23.     Third party defendant, McCarthy & Holthus LLC headquarters is located in San Diego, California.

24.     The Creditor on whose behalf ~~Third party~~ defendant, McCarthy & Holthus LLC sought to collect a debt from Ms. Tollefson is located outside of Washington state.

25.     Third party defendant, McCarthy & Holthus' attempts to collect a debt from Ms. Tollefson were not confined to the operation of a business other than that of a collection agency.

26.     Third party defendant, McCarthy & Holthus' attempts to collect a debt from Plaintiff were not directly related to the operation of a business other than that of a collection agency.

27.     McCarthy & Holthus is an "out-of-state collection agency" as defined by RCW §19.16.100(10).

28.     Alternatively, McCarthy & Holthus is a "collection agency" as defined by RCW §19.16.100(4).

29.     Ms. Tollefson hereby reserves the right to amend the parties and causes of action throughout this complaint to conform to the evidence.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 4

30.     Whenever this Complaint references any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

### III.     JURISDICTION AND VENUE

31.     This Court has original jurisdiction over the subject matter of this action pursuant to both 28 U.S.C. § 1331 which grants jurisdiction over actions presenting a federal question and 28 U.S.C. §1332 because Plaintiffs and Defendants are citizens of different states and the total amount in controversy exceeds $75,000.00, exclusive of interest and costs.

32.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Washington pursuant to 28 U.S.C. §1367(a), because those claims are so related to Plaintiffs' claims under Federal law that they form part of the same case or controversy.

33.     Jurisdication is also conferred on this Court by 15 U.S.C. §1640(e) and 28 U.S.C. §§1331, 1337.

34.     The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

35.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims described herein occurred in the State of Washington and the subject property is situated in King County, Washington.

### IV. FACTS

36.     On May 22, 2015, Ms. Tollefson refinanced her residential mortgage by borrowing $279,924.00 from American Financial Network, Inc., ("AFN") and paying off her previous mortgage lender, Fifth Third Bank. To accomplish this Ms. Tollefson executed a promissory note in favor of AFN

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 5

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

on May 22, 2015 and secured the obligation on that note by also executing a deed of trust making her home the collateral for the loan.[1]

37.      Both the note and deed of trust were given the loan number ending in 7217. , (*hereinafter* "Loan #7217"). Exhibit. D, (a true and correct copy of the unsigned copy of the Note left with Ms. Tollefson on 5/22/2105 and the deed of trust recorded June 11, 2015.)

38.      Ms. Tollefson was never provided copies of her counter-signed or fully executed note and deed of trust. Ms. Tollefson does not recall signing more than one deed of trust and intended to only borrow sufficient to transact the refinance.

39.      The deed of trust was recorded on June 11, 2015 under the King County Recorder's Instrument number of 20150611000745, (*hereinafter* "DoT 0745") indicating it secured Loan #7217. Ex. D, Dkt. No. 2-4, pgs.4-15 (is a true and correct copy of the deed of trust recorded June 11, 2015 and numbered 20150611000745.)

40.      Twenty-eight days later, on July 9, 2015, an identical deed of trust to the one executed by Ms. Tollefson on May 22, 2015, was again recorded under a different instrument number of 20150709000211. The two deeds of trust with instrument numbers ending in 0745 and 0211 were identically referenced to loan number, loan amount, property description, and FHA Case number.

41.      After Ms. Tollefson defaulted on her Mortgage loan August 1, 2017., Aurora became the holder of the promissory note, and assignee of the deed of trust securing that note by a corporate deed of trust signed December 5, 2017. Ex. C.

42.      By early 2018 Ms. Tollefson was referred to Washington's foreclosure mediation program where Ms. Tollefson, Freedom, and M&H, were assigned a foreclosure mediator and were all under a duty to negotiate in good faith under RCW 61.24.163. The parties scheduled and convened three sessions on, May 2, 2018, July 9, 2018, and August 13, 2018.

---

[1]      Ms. Tollefson was never provided a counter-signed, fully executed, copy of her promissory note and deed of trust she signed May 22, 2015.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 6

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

43.     The foreclosure mediator certified the beneficiary (Aurora) and its agents (Freedom and M&H) as lacking good faith in their foreclosure mediation participation. Exhibit E, (a true and correct copy of the foreclosure mediator's certification.) The foreclosure mediator's certification indicates the certification regards "Beneficiary and Representative(s)" Ex. E.  On August 21, 2018, the foreclosure mediator certified Aurora's, Freedom's and M&H's failure to complete review of Ms. Tollefson's applications for default mitigation.  Ex. E.

44.     Less than three months later, Aurora, and Freedom served Ms. Tollefson with another Notice of Default signed November 5, 2018. By early 2019, Ms. Tollefson was referred again to foreclosure mediation and this time convened two sessions with Freedom and M&H; on February 28, 2019, and again on June 12, 2019.

45.     Throughout, Freedom and M&H requested documents from Ms. Tollefson for the purpose of determining modification affordability, however the basis of their numerous loan modification denials were limited to ambiguous references to missing documents, that in fact had been previously provided.

46.     On December 24, 2018, M&H mailed Ms. Tollefson a pay-off statement declaring "MCCARTHY & HOLTHUS, LLP MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Exhibit F, (a trues and correct copy of M&H's Pay-Off Quote.)

47.     On December 27, 2018, M&H mailed Ms. Tollefson a reinstatement quote declaring "MCCARTHY & HOLTHUS, LLP MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Exhibit. G, (a true and correct copy of M&H's reinstatement Quote, The payment instructions included with the reinstatement quote directed Ms. Tollefson to, "[S]ubmit your certified cashier's

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 7

Arthur  E. Ortiz, Attorney
6015 California Ave. S.W., No. 203
Seattle, Washington 98136
Tel 206-898-5704     arthur@aeolegal.com

check(s) and/or money order(s) payable to McCarthy & Holthus, LLP," and further directed Ms. Tollefson to send her cashier's check to M&H's address in San Diego, California.

48.     Around June 12, 2019, M&H admitted, "delay by counsel in recognizing the borrower's preliminary submissions,…."  However, such delay never ceased and it was used against Ms. Tollefson's in the form of "expired" submissions.  Exhibit. H, (a true and correct copy of M&H foreclosure mediation chronology.)

49.     On June 28, 2019 again a foreclosure mediator certified that Freedom and M&H failed to meet their duty of good faith under the Foreclosure Fairness Act (RCW 61.24). Conduct cited by the foreclosure mediator included failure of the beneficiary (Freedom & M&H) to provide a full set of required documents in a timely manner, while requesting duplicate and previously submitted documents from Ms. Tollefson. Exhibit. I, (a true and correct copy of the foreclosure mediator's certification of June 28, 2019.)

50.     M&H mailed Ms. Tollefson a debt validation letter on January 31, 2020. Exhibit J (a true and correct copy of M&H's debt validation letter.)

51.     On February 6, 2020, Aurora served Ms. Tollefson with the state complaint for judicial foreclosure it had filed on January 31, 2020.

52.     Aurora's state complaint misrepresented that the Mortgage Electronic Registration System Inc., ("MERS") had an interest in Ms Tollefson's property by way of a "Junior Deed of Trust".

53.     That "Junior Deed of Trust" made it appear as though there were additional liens on the property thereby eliminating a Deed-In-Lieu as an option to avoiding foreclosure by resolving Ms. Tollefson's referral to foreclosure mediation.

54.     The junior deed of trust referred to in Aurora's state complaint never genuinely does not created a junior lien as it ~~does~~ did not refer to a different or independent obligation to pay.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 8

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

55.     On March 2, 2020, after two referrals to foreclosure mediation spanning five foreclosure mediation sessions between May 2018 and June 2019, (Exs. E & I ), and while Aurora's judicial foreclosure lawsuit filed in state court on February 6, 2020 was still pending, Freedom began to auto-generate correspondence to Ms. Tollefson soliciting mitigation packages concerning her, "recently missed payment…." Exhibit K (a true and correct copy of dual track solicitation.)

56.     On April 1, 2020 Freedom mailed Ms. Tollefson an autogenerated solicitation to complete a default mitigation packet. Ex. K

57.     On April 21, 2020, Aurora recorded a Full Reconveyance as to the purported MERS "Junior Deed of Trust" clarifying that indeed, "[S]aid deed of trust was recorded as a duplicate in error. Ex. A.

58.     On May 1, 2020 Freedom mailed Ms. Tollefson an autogenerated solicitation to complete a default mitigation packet. Ex. K.

59.     On June 1, 2020 Freedom mailed Ms. Tollefson an autogenerated solicitation to complete a default mitigation packet. Ex. K.

60.     On July 1, 2020 Freedom mailed Ms. Tollefson an autogenerated solicitation to complete a default mitigation packet. Ex. K.

61.     In the time since Ms. Tollefson defaulted, defendants, Aurora, Freedom, and M&H have steadfastly evaded mitigation.

62.     Instead of obtaining a work out allowing her to resolve her default, Ms. Tollefson was forced to obtain legal counsel to clarify the misrepresentations regarding her property.

63.     Ms. Tollefson sold her home of more than twenty years on September 22, 2020, thereby paying off the note and satisfying the deed of trust.

64.     The court dismissed Aurora's judicial foreclosure October 8, 2020. Dkt. No. 39.

65.     Defendants' concerted delay and mitigation evasion caused arrears to grow through negative amortization to the extent that it consumed, what would have been a portion of Ms.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 9

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

Tollefson's financial equity in the property.

**V.      CAUSES OF ACTION**

**CLAIM ONE**

**FOR DAMAGES ARISING FROM VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AGAINST DEFENDANTS, AURORA, FREEDOM MORTGAGE CORP., AND MCCARTHY HOLTHUS LLP, JOINTLY & SEVERALLY**

**Count I**

**2018 Consumer Protection Act violation for breach of the duty of good faith under Washington's Foreclosure Fairness Act (RCW 61.24.163)**

66.      Ms. Tollefson incorporates herein by reference as though fully set forth at length each preceding allegation and statement contained herein, inclusive, of the factual allegations.

67.      Acting as alleged herein, and as the actual holder of the note, Aurora violated Washington's Consumer Protection Act (*hereinafter* "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW 19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

68.      Acting as alleged herein, as agent of Aurora who was the actual holder of the note, Freedom violated Washington's Consumer Protection Act (*hereinafter* "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW 19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

69.      Acting as alleged herein, as agent of Freedom who was acting as agent of Aurora who was the actual holder of the note, McCarthy & Holthus ("M&H") violated Washington's Consumer Protection Act (*hereinafter* "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW 19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 10

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

70.     Because RCW 61.24 *et seq.* is enforced through RCW 19.86, allegation of violations of the duty of good faith under RCW 61.24 *et seq.* are therefore CPA violations. RCW 61.24.135(2).

71.     When Ms. Tollefson was referred to Washington foreclosure mediation in 2018, Freedom appeared as the decision-making beneficiary and was represented by M&H, Ex. E.

72.     During foreclosure mediation Freedom and M&H referred to a loan number different than the one found in the subject deed of trust (#0745) and the duplicate deed of trust (#0211").

73.     In foreclosure mediation defendants represented a duplicate deed of trust, recorded in error, as a junior lien on Ms. Tollefson's property.

74.     During foreclosure mediation Aurora, Freedom, and M&H evaded default mitigation in violation of their duty to mediate in good faith. Exs. E & I.

      74.1.   Defendants delayed review by repeatedly requesting documents Ms. Tollefson already submitted.

      74.2.   Leading up to the May 2, 2018 foreclosure mediation session, counsel at M&H avoided responding to Ms. Tollefson's representative housing counselor in the time leading up to the parties' foreclosure mediation sessions. Leading up to one particular session Ms. Tollefson's representative contacted M&H counsel to confirm whether anything else was required from Ms. Tollefson in order for the parties to successfully mediate. M&H failed to respond but when the mediation session convened and began M&H stated Freedom could not complete review of Ms. Tollefson's mitigation application for lack of correction of to a single correctable clerical error on a tax records form (Form 4506-T). The result was Ms. Tollefson was required to pay another $300 foreclosure mediation fee.

      74.3.   The mediation session occurring on July 9, 2018 went similarly in that defendants appeared with no review but asking for documents already submitted. For example, defendants requested Ms. Tollefson's 2017 tax return of which Ms. Tollefson's could only send her tax extension

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

paperwork, and after doing so twice, defendants would still state that Ms. Tollefson's tax records were not provided.

74.3    Ms. Tollefson alleges that this was the general pattern in foreclosure mediation with defendants, every time Freedom asked for something, it was sent in and then M&H would say Freedom needed something else. This was a constant, every time Ms. Tollefson submitted something, M&H would come back stating Freedom asks for more information.

74.3.    Defendants' 'net present value' inputs, essential to a complete and accurate default mitigation review were incomplete, despite having received the necessary data from Ms. Tollefson in compliance with RCW 61.24.163(4) Ex. E.

74.4.    Defendants made agreements relative to review with Ms. Tollefson they did not keep.  Ex. E.

74.5.    Defendants never completed a review of the default mitigation application Ms. Tollefson submitted during her first referral to foreclosure mediation.

75.    On August 21, 2018, the foreclosure mediator assigned to Ms. Tollefson's referral, by Washington's Department of Commerce, certified defendants' lack of good faith under RCW 61.24.163.  Ex. E.

76.    Defendants' violations of RCW 61.24.163 for breaching their duty of good faith in foreclosure mediation, "is an unfair and deceptive act or practice ... in the conduct of trade or commerce in violation of 19.86 RCW ." RCW 61.24.135(2).

77.    Aurora's public impact is enormous. CHMI's acquisition of Aurora boosted CHMI's MSR portfolio to approximately $723 million. This represents a significant number of households because the CHMI's portfolio consists solely of loans being serviced for Fannie Mae and Freddie Mac, and the acquisition included approvals from them. Ex. B, Dkt. No. 2-2.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 12

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

78.     Freedom maintains a national footprint to support lending activities across all 50 states and the District of Columbia. Freedom has injured others to extent it required enforcement from, an acknowledgment agreement with, the U.S. Department of Justice. Ex. G, Dkt. No. 2-7.

79.     McCarthy & Holthus' ("M&H") provides services in the states of California, Washington, Oregon, Idaho, New Mexico, Arizona, Nevada, Texas, Arkansas and Colorado in legal representation before U.S. Bankruptcy Courts, U.S. District Courts, and State Courts.

80.     Ms. Toleffson was injured in the form of a negatively amortizing loan. This means Ms. Tollefson's loan became more expensive now and loaded with the additional burden of over two years of avoidable arrears, additional and compounded interest, and other associated cost.

81.      Ms. Toleffson was injured in the form of equity loss due to the negative amortization caused by defendants' prolonged default mitigation evasion.

82.     Ms. Toleffson was injured in the form of additional cost and expense associated with the 2018, five-month, three-session effort to mediate a resolution to her mortgage default, such as, but not limited to, the statutory mediation fee due with each session.

83.      Ms. Toleffson was injured in the form of an unjustly prolonged negative impact to her credit profile. Ms. Tollefson has been denied credit due to the negative impact her credit profile.

84.     But for, defendants' violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not have been responsible for the additional arrears and cost.

85.     But for, defendants' violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be responsible for the additional cost and expense associated with the 2018, five-month, three-session effort to mediate a resolution to her mortgage default, such as,  but not limited to, the statutory mediation fee due with each session.

86.     But for, defendants'  violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be laboring under the unjustly prolonged negative impact to her negative credit

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 13

Arthur  E. Ortiz, Attorney
6015 California Ave. S.W., No. 203
Seattle, Washington 98136
Tel 206-898-5704     arthur@aeolegal.com

profile and could focus on restoring her independent financial existence.

87.     But for defendants' violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be suffering loss of equity in her property.

### Count II

### 2019 Consumer Protection Act violation for breach of the duty of good faith under Washington's Foreclosure Fairness Act (RCW 61.24.163)

88.     Ms. Tollefson incorporates herein by reference as though fully set forth at length each preceding allegation and statement contained herein, inclusive, of the factual allegations.

89.     Acting as alleged herein, and as the actual holder of the note, Aurora violated Washington's Consumer Protection Act (*hereinafter* "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW 19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

90.     Acting as alleged herein, as agent of Aurora who was the actual holder of the note, Freedom violated Washington's Consumer Protection Act (*hereinafter* "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW 19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

91.     Acting as alleged herein, as agent of Freedom who was acting as agent of Aurora who was the actual holder of the note, McCarthy & Holthus ("M&H") violated Washington's Consumer Protection Act (*hereinafter* "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW 19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

92.     Because RCW 61.24 *et seq.* is enforced through RCW 19.86, allegations of violations of the duty of good faith under RCW 6 1.24 *et seq.* are therefore CPA violations. RCW 61.24.135(2).

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 14

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

93.     When Ms. Tollefson was referred to Washington foreclosure mediation in 2019, Freedom appeared as the decision-making beneficiary represented by M&H, Ex. I.

94.     During foreclosure mediation Freedom and M&H referred to a loan number different than the one found in the subject deed of trust (#0745) and the duplicate deed of trust (#0211").

95.     During foreclosure mediation Freedom and M&H evaded default mitigation in violation of their duty to mediate in good faith.

95.1.   On or around December 15, 2018, Ms. Tollefson provided M&H and Freedom with a complete mitigation package submission in compliance with RCW 61.24.163(4). Exhibit L, (a trues and correct copy of Ms. Tollefson's mediation submission of December 15, 2018.)

95.2.   On or around January 18, 2019, M&H notified the parties that it had not received Ms. Tollefson's document submission when in fact it had received them. Ex. I & H.

95.3.   Around, June 11-12, 2019, M&H misrepresented to the foreclosure mediator their obligation under RCW 61.24.163(5) as a "courtesy" and used its untimely document submission to excuse requesting postponement on the eve of the next mediation session.

95.4.   M&H repeatedly demanded documents from Ms. Tollefson beyond what was required under RCW 61.24.163(4) and used those demands to delay mitigation review.

96.     On June 28, 2019, the foreclosure mediator assigned to Ms. Tollefson's referral, by Washington's Department of Commerce, certified Freedom's and M&H's lack of good faith under RCW 61.24.163. Ex. F, pg. 5, Dkt. No. 2-6.

97.     Defendants' violations of RCW 61.24.163 for breaching their duty of good faith in foreclosure mediation, "is an unfair and deceptive act or practice ... in the conduct of trade or commerce in violation of 19.86 RCW ." RCW 61.24.135(2).

98.     Aurora's public impact is enormous. CHMI's acquisition of Aurora boosted CHMI's MSR portfolio to approximately $723 million. This represents a significant number of households because

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 15

the CHMI's portfolio consists solely of loans being serviced for Fannie Mae and Freddie Mac, and the acquisition included approvals from them. Ex. B, Dkt. No. 2-2.

99.     Freedom maintains a national footprint to support lending activities across all 50 states and the District of Columbia. Freedom has injured others to extent it required enforcement from, an acknowledgment agreement with, the U.S. Department of Justice. Ex. G, Dkt. No. 2-7.

100.    McCarthy & Holthus' ("M&H") provides services in the states of California, Washington, Oregon, Idaho, New Mexico, Arizona, Nevada, Texas, Arkansas and Colorado in legal representation before U.S. Bankruptcy Courts, U.S. District Courts, and State Courts.

101.    Ms. Toleffson is injured in the form of a negatively amortizing loan. This means Ms. Tollefson's loan is more expensive now and loaded with the additional burden of over two years of avoidable arrears, additional and compounded interest, and other associated cost.

102.     Ms. Toleffson is injured in the form of equity loss due to the negative amortization caused by defendants' prolonged default mitigation evasion.

103.    Ms. Toleffson is injured in the form of additional cost and expense associated with the 2019,  five-month, two-session effort to mediate a resolution to her mortgage default, such as, but not limited to, the statutory mediation fee due with each session.

104.     Ms. Toleffson is injured in the form of an unjustly prolonged negative impact to her credit profile. Ms. Tollefson has been denied credit due to the negative impact her credit profile.

105.    But for, defendants'  violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be responsible for the additional arrears and cost injuring her now.

106.    But for, defendants' violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be responsible for the additional cost and expense associated with the 2019, five-month, two-session effort to mediate a resolution to her mortgage default, such as,  ut not limited to, the statutory mediation fee due with each session.

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

107.     But for, defendants' violation of their duty of good faith in foreclosure mediation, Ms.

Tollefson would not be laboring under the unjustly prolonged negative impact to her negative credit

profile and could focus on restoring her independent financial existence.

108.     But for defendants' violation of their duty of good faith in foreclosure mediation, Ms.

Tollefson would not ~~be~~ have suffered loss of equity in her property.


### Count III

### Freedom Mortgage's Consumer Protection Act violation
### pursuant to Washington's Consumer Loan Act (RCW 31.04)

109.     Ms. Tollefson incorporates herein by reference as though fully set forth at length each

preceding allegation and statement contained herein, inclusive, of the factual allegations.

110.     Acting as alleged herein, as agent of Aurora who was the actual holder of the note,

Freedom Mortgage Corporation ("Freedom") violated Washington's Consumer Protection Act

(hereinafter "CPA") codified in RCW 19.86. Ms. Tollefson has a private right of action under RCW

19.86.090, and files this claim within the four-year statute of limitation under RCW 19.86.120.

111.     Because the Consumer Loan Act ("CLA"), RCW 31.04 et seq. is enforced through the CPA,

RCW 19.86, allegations of violations of the CLA are therefore CPA violations. RCW 31.04.208.

Remedies provided by RCW 19.86 are cumulative and not exclusive. RCW 31.04.208.

112.     Ms. Tollefson filed a complaint with the Director of Washington's Department of Financial

Institutions, Division of Consumer Services ("the Department").

113.     On August 23, 2019, the Department determined Freedom violated applicable state law

relating to the activities governed by the CLA. Based on the foreclosure mediator's certification of

Freedom's lack of good faith under RCW 61.24.163, the Department found Freedom failed to mediate

in good faith because it did not provide documents in a timely matter, and Freedom requested duplicate

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 17

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

documents that had previously been provided. Exhibit M, (a true and correct copy of DFI's Complaint Resolution and Closure.)

114.     The Department then held that Freedom's failure to mediate in good faith by not providing documents in a timely matter, and requesting duplicate documents that had previously been provided, amounted to a likely violation of RCW 31.04.027(1)(m).

115.     Freedom's violation of RCW 31.04.027(1)(m) for breaching its duty of good faith in foreclosure mediation, "is an unfair and deceptive act or practice ... in the conduct of trade or commerce in violation of RCW 19.86.020."

116.     Freedom maintains a national footprint to support lending activities across all 50 states and the District of Columbia.

117.     Ms. Toleffson was injured in the form of a negatively amortizing loan. This means Ms. Tollefson's loan was more expensive and loaded with the additional burden of over two years of avoidable arrears, additional and compounded interest, and other associated cost.

118.     Ms. Toleffson is injured in the form of equity loss due to the negative amortization caused by Freedom's prolonged default mitigation evasion.

119.     Ms. Toleffson is injured in the form of additional cost and expense associated with the effort to mediate a resolution to her mortgage default, such as, but not limited to, the statutory mediation fee due with each session.

120.     Ms. Toleffson is injured in the form of an unjustly prolonged negative impact to her credit profile. Ms. Tollefson has been denied credit due to the negative impact her credit profile.

121.     But for, Freedom's violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be responsible for the additional arrears and cost injurying her now.

122.     But for, Freedom's violation of their duty of good faith in foreclosure mediation, Ms. Tollefson would not be responsible for the additional cost and expense associated with the 2019,

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 18

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

five-month, two-session effort to mediate a resolution to her mortgage default, such as,  ut not limited

to, the statutory mediation fee due with each session.

123.    But for, Freedom's violation of their duty of good faith in foreclosure mediation, Ms.

Tollefson would not be laboring under the unjustly prolonged negative impact to her negative credit

profile and could focus on restoring her independent financial existence.

124.    But for Freedom's violation of their duty of good faith in foreclosure mediation, Ms. Tollefson

would not be suffering loss of equity in her property.


## CLAIM TWO

**FOR DAMAGES ARISING FROM VIOLATIONS OF
THE U.S. FAIR DEBT COLLECTION PRACTICES ACT
AGAINST DEFENDANTS, AURORA, FREEDOM
MORTGAGE CORP.,  AND MCCARTHY HOLTHUS LLP,
JOINTLY & SEVERALLY**

125.    Ms. Tollefson incorporates herein by reference as though fully set forth at length each

preceding allegation and statement contained herein, inclusive, of the factual allegations.

126.    Acting as alleged herein, Aurora, Freedom, and M&H violated the U.S. Fair Debt

Collections Act, codified in 15 U.S.C. §1692 *et seq.* ("FDCPA")

127.    Freedom enforces residential mortgage security interests for others. 15 U.S.C. § 1692a(6).

Freedom is not a creditor nor does it have ownership interest in the subject property. It services the

debts of residential mortgages nationally.

128.    On behalf of defendant Freedom, third party defendant McCarthy & Holthus began

collecting on Ms. Tollefson's loan by way of enforcing the deed of trust securing the mortgage, after

delinquency.

129.    M&H mailed Ms. Tollefson a debt validation letter on January 31, 2020. Exhibit J (a true and

correct copy of M&H's debt validation letter.)

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 19

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

130.     On December 24, 2018, M&H generated a pay-off quote for Ms. Tollefson declaring "MCCARTHY & HOLTHUS, LLP MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Ex. F,  The payment instructions included with the pay-off quote directed Ms. Tollefson to, "[S]ubmit your certified cashier's check(s) and/or money order(s) payable to McCarthy & Holthus, LLP," and further directed Ms. Tollefson to send her cashier's check to directly to M&H's office in San Diego, California. Ex. F.

131.     On December 27, 2018, M&H generated a reinstatement quote for Ms. Tollefson declaring "MCCARTHY & HOLTHUS, LLP MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Ex. G.  The payment instructions included with the reinstatement quote directed Ms. Tollefson to, "[S]ubmit your certified cashier's check(s) and/or money order(s) payable to McCarthy & Holthus, LLP," and further directed Ms. Tollefson to send her cashier's check directly to M&H's office in San Diego, California.  Ex. G.

132.     Defendants ~~McCarthy & Holthus and Freedom~~ regularly use the mails and/or the telephone in their business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts and they started collecting on this debt after it was already in default. Thus, they are "debt collector[s]" as defined by the FDCPA, 15 U. S.C. § 1692a(6).

133.     Acting as alleged herein, defendants used unfair and unconscionable means to enforce Ms. Tollefson's deed of trust securing her mortgage in violation of 15 U.S.C. §1692f when;

133.1.  In 2018, defendants dragged out foreclosure mediation for at least five months only to fail to completely review Ms. Tollefson for default mitigation options.

133.2.  Defendants delayed review by repeatedly requesting documents Ms. Tollefson already submitted.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 20

133.3.  Defendants' 'net present value' inputs, essential to a complete and accurate default mitigation review were incomplete, despite having received the necessary data from Ms. Tollefson in compliance with RCW 61.24.163(4) Ex. E.

133.4.  Defendants made agreements relative to review with Ms. Tollefson they did not keep. Ex. E.

133.5.  Defendants never completed a review of the default mitigation application Ms. Tollefson submitted during her first referral to foreclosure mediation.

133.6.  Until Aurora's filing of its judicial foreclosure there was no present intention to take possession of the property. Freedom and M&H refused to mitigate the default and cultivated equity-consuming arrears by delaying default mitigation.

133.7.  In 2019, defendants dragged out foreclosure mediation for at least six months only to fail to completely review Ms. Tollefson a second time for default mitigation options. Ex. I.

133.8.  On January 31, 2020, Aurora filed a lawsuit for judicial foreclosure, claiming MERS had an interest in Mr. Tollefson's property by virtue of a "Junior Deed of Trust." It was in fact a duplicate of the deed of trust recorded in error. Ex. A. It was this belief in foreclosure mediation, the belief in the existence of a valid junior lien that misrepresented an interest in Ms. Tollefson's home, that did not exist. Ex. A. By information and belief the appearance of a recorded "junior deed of trust" against the property disqualified Ms. Tollefson from availing herself of a deed-in-lieu of foreclosure wherein the parties exchange "cash for keys." See RCW 61.24.163(9). A junior lien on the property securing the debt universally disqualifies borrowers from using a deed-in-lieu of foreclosure to resolve their default. While Ms. Tollefson was in foreclosure mediation in 2018 and again in 2019, the recorded junior deed of trust gave the appearance and impression that Ms. Tollefson was disqualified from using a deed-in-lieu of foreclosure to pay-off the note and avoid foreclosure, when in fact, the junior lien was a duplicate recorded in error.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 21

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

133.9.  By information and belief Ms. Tollefson relied on the false impression given by the erroneously recorded junior lien and defendants' silence regarding the true nature of the recorded junior lien, in her decision to not pursue or insist further on a deed-in-lieu in her efforts to resolve her default in foreclosure mediation.

134.    Defendants' conduct in violation of the FDCPA has caused Ms. Tollefson's harm in the form of lost time, retention of legal counsel, engaging in fruitless foreclosure mediation, as well as time away from family and income generating work.

135.    Defendants' conduct in violation of the FDCPA has caused Ms. Tollefson harm in the form of mitigation delay which invariably causes the debt to amortize negatively thereby consuming equity in the subject property that would have otherwise belonged to Ms. Tollefson.

136.    Ms, Tollefson also suffered emotional distress from defendants' unreasonable level of default mitigation evasion and she continues to suffer due to the financial uncertainty, unease and fear that she would lose her equity, or worse be left owing some deficiency.

137.    But for defendants' violation of the FDCPA, Ms. Tollefson would not have been harmed in the form of lost time, unnecessary foreclosure, and the severely increased cost of his mortgage loan.

138.    Ms. Tollefson is entitled to compensatory, special and general damages as allowed by law. Actual damages here includes damages for emotional distress. *See Weinstein v. Mandarich Law Group, LLP*, 2:17-cv-1897-RSM, Dkt. No 13, pg. 8, (U.S.D.C. W.D. Wash., Nov. 28, 2018.)

139.    Ms. Tollefson is also entitled to statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 22

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

**CLAIM THREE**

**FOR DAMAGES ARISING FROM VIOLATIONS OF THE U.S.
REAL ESTATE SETTLEMENT PRACTICES ACT AGAINST
DEFENDANT FREEDOM MORTGAGE CORP.**

141.    Ms. Tollefson incorporates herein by reference as though fully set forth at length each

preceding allegation and statement contained herein, inclusive, of the factual allegations.

142.    Acting as alleged herein, Freedom violated the Real Estate Settlement Procedures Act,

(*hereinafter* "RESPA"), 12 U.S.C. §2605(e)(2)(A)-(C ). Ms. Tollefson has a private right of action under

12 U.S.C. §2605(f) and files this claim within the three-year statute of limitation under 12 U.S.C.

§2614.

143.    During its time in foreclosure mediation from at least May 2, 2018 to June 28, 2019,

Freedom violated its duty to Ms. Tollefson under RESPA to evaluate all loss mitigation options. 12

C.F.R. §1024.41 *et seq.*

144.    After plaintiff's default, Freedom denied Ms. Tollefson a complete and timely loan default

mitigation review.

145.    Ms. Tollefson was left with no understanding of the true reasons for the default mitigation

delay, or whether she ever qualified for any of the alternatives to foreclosure such as a deed in lieu,

short sale, or modification.

146.    Ms. Tollefson requests the court enter judgment against Freedom, for actual, statutory,

treble and/or punitive damages, attorney's fees and costs, and any other and further relief as the

court deems just and proper pursuant 12 U.S.C. § 2605(f)(1). "Actual damages" recoverable under

RESPA include compensation for both economic losses and emotional distress. *Lucero v. Cenlar*

*FSB*, No. C13-0602 RSL, Dkt. No. 294, (U.S.D.C., W.D. Wash., January 28, 2016).

147.    Actual damages in the form of recovery of additional loan cost, attorney fees and cost to be

determined by the court, and any other actual cost or damage incurred as a result of Freedom's

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

denial of Ms. Tollefson's right to the review her default mitigation application. Arrears on the loan continue to grow and consume Ms. Tollefson's equity. Actual damages includes recovery for emotional distress and mental anguish. *See Geoffrion v. Nationstar Mortgage LLC*, 182 F.Supp.3d 648 (2016). Ms. Tollefson also seeks recovery of her attorneys fees and costs to be determined at trial.

### CLAIM FOUR

**FOR DAMAGES ARISING FROM NEGLIGENT MISREPRESENTATION AGAINST DEFENDANTS AURORA, FREEDOM MORTGAGE CORP., AND MCCARTHY HOLTHUS LLP.**

148.    Ms. Tollefson incorporates herein by reference as though fully set forth at length each preceding allegation and statement contained herein, inclusive, of the factual allegations.

149.    Under the circumstances alleged, Freedom and M&H acting at the direction of Aurora, owed Ms. Tollefson a duty to provide her with accurate information regarding the loan default mitigation process during the FFA mediation. *See* RCW 6 1.24.163(9).

150.    Aurora, Freedom, and M&H, negligently represented to Ms. Tollefson that they would be review her for loan default mitigation. No such review was ever completed.

151.    Freedom and M&H misrepresented that Ms. Tollefson's mitigation applications were missing documents submissions when they did not.

152.    Ms. Tollefson complied with the obligations of the FFA mediation and complied with all obligations under RCW 61.24.165 and 61.24.163.

153.    Freedom's and M&H's lack of exercise of reasonable care or competence in communicating with Ms. Tollefson is demonstrated by their prolonged participation in foreclosure mediation with no intention of offering loan mitigation, and by failing to meet obligations to participate and attend scheduled mediation sessions in goof faith.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 24

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

154.    Ms. Tollefson justifiably relied on Freedom's and M&H's misrepresentations, expecting to be offered a good faith review of her loan mitigation application, when she submitted numerous applications. Instead, Ms. Tollefson experienced the following,

154.1   Defendants delayed review by repeatedly requesting documents Ms. Tollefson already submitted. On or around December 15, 2018, Ms. Tollefson provided M&H and Freedom with a complete mitigation package submission in compliance with RCW 61.24.163(4). Ex. L.  On or around January 18, 2019, M&H notified the parties that it had not received Ms. Tollefson's document submission when in fact it had received them. Ex. H.

154.2.  M&H repeatedly demanded documents from Ms. Tollefson beyond what was required by RCW 61.24.163(4) and withheld default mitigation review if not provided.

154.3   Ms. Tollefson made agreements with defendants in foreclosure mediation relying on defendants' representations that they would perform a complete review that they did not keep. Ex. E.  That reliance resulted in delay which in turn increased arrears, which reduced further Ms. Tollefson's equity in her home.

154.4   Defendants' 'net present value' inputs, essential to a complete and accurate default mitigation review were incomplete, despite having received the necessary data from Ms. Tollefson in compliance with RCW 61.24.163(4) Ex. E.

154.5.  Around, June 11-12, 2019, M&H misrepresented to the foreclosure mediator their obligation under RCW 61.24.163(5) as a "courtesy" and used its untimely document submission to excuse its request for further postponement on the eve of the next mediation session. Ex. H.

154.6   The erroneously recorded duplicate "junior deed of trust" misled Ms. Tollefson into believing that negotiating with defendants for a deed-in-lieu would be fruitless because there appeared to be a disqualifying junior lien. By information and belief the appearance of a recorded "junior deed of trust" against the property disqualified Ms. Tollefson from availing herself of a deed-

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 25

in-lieu of foreclosure wherein the parties exchange "cash for keys." See RCW 61.24.163(9). A junior lien on the property securing the debt universally disqualifies borrowers from using a deed-in-lieu of foreclosure to resolve their default. While Ms. Tollefson was in foreclosure mediation in 2018 and again in 2019, the recorded junior deed of trust gave the appearance and impression that Ms. Tollefson was disqualified from using a deed-in-lieu of foreclosure to pay-off the note and avoid foreclosure, when in fact, the junior lien was a duplicate recorded in error. Ex. A.

155.    Additionally, Ms. Tollefson incorporates the injury to business and property alleged under claim for violations of the CPA in addition to the emotional distress permitted under a negligent misrepresentation claim. Ms. Smith is entitled to compensatory damages, and attorney's fees and costs expended in reliance upon Defendants' negligent misrepresentations.

156.    Ms. Tollefson has a right to rely on representations regarding the title to her property made while participating in Washington's foreclosure mediation program.

157.    Ms. Tollefson demands judgment against Aurora, Freedom, and M&H, for damages, costs and expenses in an amount in excess of the jurisdictional limits of this Court, and any other relief this Court deems just and proper. Ms. Tollefson is entitled to compensatory damages, and attorney's fees and costs expended in reliance upon negligent misrepresentations.


## CLAIM FIVE

### AGAINST AURORA AND FREEDOM MORTGAGE, FOR THE BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

158.    Ms. Tollefson incorporates herein by reference as though fully set forth at length each preceding allegation and statement contained herein, inclusive, of the factual allegations.

159.    Washington law provides that inherent in all contracts is an implied covenant of good faith and fair dealing. This duty requires faithfulness to the agreed common purpose of the contract and consistency with the justified expectations of the other party in the performance of any contract.

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 26

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

160.    The deed of trust expressly states,

> Borrower agrees that if this Security Instrument and the Note are not determined to be
> eligible for insurance under the National Housing Act within 60 days from the date
> hereof, Lender may, at its option, require Immediate payment In full of all sums secured
> by this Security Instrument. A written statement of any authorized agent of the
> Secretary dated subsequent to 60 days from the date hereof, declining to insure this
> Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.
> Notwithstanding the foregoing, this option may not be exercised by Lender when the
> unavailability of insurance is solely due to Lender's failure to remit a mortgage
> insurance premium to the Secretary.

*See* Deed of Trust, pg. 5, §9(e), Dkt. No. 2-4, pgs. 8 of 15, Dkt. No. 4-2, pg. 6 of 13. The deed of

trust further provides,

> The covenants and agreements of this Security Instrument shall bind and benefit the
> successors and assigns of Lender ….

*Id.* at §12, pg. 6 of 13, (Dkt. No. 4-2)

161.    The deed of trust also states,

> Borrower shall be given one conformed copy of the Note and of this Security
> Instrument.

*Id.* at  §15, pg. 7 of 13.

162.    As to the determination of eligibility for a partial claim as set out in §9(e), it appears the

lender failed to obtain, "[A] written statement of any authorized agent of the Secretary dated

subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the

Note, …." Therefore, insurance, or a partial claim, would have been available to reinstate Ms.

Tollefson in an affordable loan and giving her the option to sell the property if the mortgage resulted

in too great a financial strain.

163.    Ms. Tollefson never received a fully executed copy of her closing papers. Ms. Tollefson was

not aware of the second recording of the same deed of trust. The Truth in Lending Act ("TILA")

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

disclosures left with her on the closing date are unsigned. Ms. Tolefson never received anything signed by the lender after closing in June 2015.

164.     By recording a second duplicate deed of trust and representing it as security on additional debt held by MERS, Aurora doubled the size of purported debt.

165.     Based on all facts stated herein and all allegations stated herein relating to Ms. Tollefson's multiple causes of action, Aurora's, and Freedom's, wrongful actions described herein relating to its performance of the deed of trust constitute breaches of the implied covenant of good faith and fair dealing relating to Ms. Tollefson's mortgage loan. Such wrongful actions included, but were not limited to, failure to establish whether Ms. Tollefson's loan was eligible for insurance, make a partial claim, and provide Ms. Tollefson with a conformed copy of the note and deed of trust. Such breaches have directly, actually and proximately caused Ms. Tollefson damages. These damages include all damages described above, loss of the benefit of a partial claim, arrears that would not have accumulated otherwise, the opportunity cost of having her equity locked up in a property Ms. Tollefson is unable to sell, and the loss of her equity in her property through the unobstructed growth of arrears by virtue of Aurora's, and Freedom's, default mitigation evasion.

166.     Ms. Tollefson seeks to recover under this cause of action all such damages and all other damages recoverable under Washington law.

167.     Aurora and Freedom Mortgage, are liable for the wrongful actions of MERS, and American Financial Network, Inc. relating to Ms. Tollefson's mortgage loan as a result of their status as successors and assigns of the lender, as well as, all Washington law related to successor liability; and/or other Washington law.

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

## VI.    PRAYER FOR RELIEF AND DAMAGES

WHEREFORE, Ms. Tollefson respectfully prays that judgment be entered against defendants Aurora, Freedom, and M&H for the following:

168.    For judgment against defendants for actual damages;

169.    For actual damages including emotional distress pursuant to 15 U.S.C. §1692(a)(1).

170.    For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. §1692k(a)(3) and RCW 19.86 *et seq;*

171.    For statutory damage of $ 1,000 for FDCP A violations; actual damages including actual damages for emotional distress. *See Weinstein v. Mandarich Law Group, LLP*, 2:17-cv-1897-RSM, Dkt. No 13, pg. 8, (U.S.D.C. W.D. Washington, Nov. 28, 2018.)

172.    For statutory damages under RESPA and actual damages including actual damages for emotional distress and mental anguish. *See Geoffrion v. Nationstar Mortgage LLC*, 182 F.Supp.3d 648 (2016).

173.    An award of costs of this action and reasonable attorneys' fees under 12 U.S.C. § 2605(f)(1);

174.    Any and all actual damages, including those injuries in the form of recovery of lost income for at least twelve years, damaged reputation, damaged credit, consequential expenses and costs, and any other actual cost or damage incurred as a result of defendants dilatory and manipulative conduct;

175.    Judgment against defendants for the damages described in the complaint and for all actual damages, including recovery for injury to business or property, available under RCW 18.96 et seq., including treble damages, attorneys fees and costs, and the increased cost of Ms. Tollefson's mortgage loan;

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

176.     As a result of the alleged CPA violations, Ms. Tollefson has suffered unnecessarily costly circumstances, increased debt and loan cost, and damage to her credit;

177.     For interest on the above amounts as authorized by law;

178.     For leave to amend this complaint as needed and as required; and

179.     For such other relief as the Court deems equitable and just.

Dated this 4th day of November, 2020.

_____

Arthur E. Ortiz, WSBA No. 26676
Attorney for Mary K. Tollefson

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 30

**CERTIFICATE OF SERVICE**

I hereby certify that on the date given below, I electronically filed the foregoing PLAINTIFF'S

MARY K. TOLLEFSON'S SECOND AMENDED COMPLAINT FOR DAMAGES with the Clerk of

the Court using the CM/ECF system which will send electronic notification of such filing to the

following person(s):

Synova M. L. Edwards, WSBA 43063
Attorney for Aurora Financial Group, Inc.,
and Freedom Mortgage Corp.
Wright Finlay & Zak, LLP
612 S. Lucile Street, Suite 300
Seattle, WA 98108
Phone: (206) 946-8109
Facsimile: (949) 608-9142
Email: smledwards@wrightlegal.net

Joseph Ward McIntosh, WSBA No. 39470
Warren Lance, WSBA No. 51586
Attorney for McCarthy Holthus, LLP
McCarthy Holthus, LLP
108 1st Ave., Ste. 300
Seattle, WA 98104-2104
Tel.:    (206) 596-4856
Email:  jmcintosh@mccarthyholthus.com
            wlance@mccarthyholthus.com

DATED this 4th day of November, 2020.

Arthur Ortiz, WSBA 26676
Attorney for Mary K. Tollefson

**PLTFF. TOLLEFSON'S SECOND AMENDED COMPLAINT**
Page - 31

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com