Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY K. TOLLEFSON<br><br>Plaintiff,<br><br>vs.<br><br>AURORA FINANCIAL GROUP, INC., FREEDOM MORTGAGE CORP., AND MCCARTHY & HOLTHUS LLP.,<br><br>Defendants. | No. 2:20-cv-00297-JLR<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO MCCARTHY & HOLTHUS LLP'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>Noted for Motion Calendar:<br><br>January 8, 2021 |

## I. INTRODUCTION

Defendant McCarthy Holthus LLP ("M&H") participation as a party to foreclosure mediator is covered under Washington's Consumer Protection Act. RCW 61.24.135(2), and M&H's actions, participation, specialized knowledge of plaintiff's loan, and general consent that M&H was representing defendant Aurora in both non-judicial and judicial foreclosure, along with the undisputed fact M&H was enforcing a security, is covered by the Fair Debt Collection Practices Act ("FDCPA").

## II. FACTS

Plaintiff incorporates the facts alleged in her second amended complaint (Dkt. No. 47), and submits the following pertinent fact summary. By early 2018 Ms. Tollefson was referred to Washington's foreclosure mediation program where Ms. Toleffson, Freedom, and M&H, were assigned a foreclosure

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS'
MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 1

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

mediator and were all under a duty to negotiate in good faith under RCW 61.24.163. The parties scheduled and convened three session, May 2, 2018, July 9, 2018, and August 13, 2018. Dkt. No. 16, pg.s 12-13, ¶41. The foreclosure mediator certified the beneficiary (Freedom) and its agent (M&H) as lacking good faith in their foreclosure mediation participation. Dkt. No. 2-6, pgs. 3 and 6. The foreclosure mediator certified Freedom's and M&H's failure to complete review of Ms. Tollefson's applications for default mitigation. Dkt. No. 16, pg. 13, ¶42. Less than three months later, Freedom and M&H served Ms. Tollefson with another Notice of Default signed November 5, 2018. By early 2019, Ms. Tollefson was referred again to foreclosure mediation and convened two sessions with Freedom and M&H; on February 28, 2019, and again on June 12, 2019. *Id.*, pg. 13, ¶43. On June 28, 2019, a foreclosure mediator certified that Freedom and M&H failed to meet their duty of good faith under the Foreclosure Fairness Act (RCW 61.24) a second time. Conduct cited by the foreclosure mediator included failure of the beneficiary (Freedom & M&H) to provide a full set of required documents in a timely manner, while requesting duplicate and previously submitted documents from Ms. Tollefson. Dkt. No. 2-6 and Dkt. No. 16, pg. 13, ¶44. Then on January 31, 2020, Aurora filed a lawsuit in state court for reformation of the deed of trust and judicial foreclosure. misrepresenting that the Mortgage Electronic Registration System Inc., ("MERS") has an interest in Ms Tollefson's property by way of a "Junior Deed of Trust" which in fact is just a duplicate copy of the original deed of trust recorded on July 9, 2015. Dkt. No. 16 at ¶¶45-46. The state court complaint M&H signed and filed exploits the duplicate deed of trust recorded on July 9, 2015 by misrepresenting it as a junior deed of trust creating an interest in that MERS does not in fact have. *Id.* at ¶¶47-48.

  Two foreclosure mediators certified that it was not Ms. Tollefson's "failure to obtain" default resolution, it was Freedom and M&H's joint and several violation of their duty of good faith under the FFA that caused the indefinite prolonging of foreclosure. Dkt. No. 2-6, pgs. 3 and 6. It was Freedom and M&H who, withheld NPV inputs, failed to complete mitigation review, (*See* Cert. at Dkt. No. 2-6, pgs. 2-4, 8/21/18 "Comments"), Dkt. No. 16, pg. 13, ¶42, misrepresented to the foreclosure mediator that it had

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS'**
**MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 2

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704 arthur@aeolegal.com

not received Ms. Tollefson's required documents when in fact it had received them, failed to provide required documents, and kept requesting more documents that had already been provided (*See* Cert. at No. 2-6, pgs. 5-13, 6/28/19 "Comments"), Dkt. No. 16, pg. 13, ¶44, not Ms. Tollefson.

### III.  **AUTHORITY**

Complaints with enough facts to state a plausible claim to relief survive motions to dismiss. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Claims are plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must accept the plaintiffs factual allegations in the complaint as true. *Iqbal,* 556 U.S. 662, 678. The Court may not consider any of M&H's allegedly contradictory evidence at this stage of the proceedings. *See Lee v. City of L.A.,* 250 F.3 d 668, 688 (9th Cir. 2001) ("[F]actual challenges to a plaintiffs complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). "). Plausibility of the claims alleged in the complaint is a context-specific determination requiring reviewing courts to draw on common sense. *Iqbal,* 556 U.S. at 679.

Leave to amend should be granted even if no request to amend the pleading is made, unless the pleading could not possibly be cured by the allegation of other facts. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968, (9th Cir. 2016). *See also Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995). M&H must show that even if amendment were permitted, plaintiff's complaint would fail "to state a claim upon which relief can be granted. " FRCP 12(b)(6). *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1043 (9th Cir. 2011)(leave to amend would be futile if a plaintiff cannot state a plausible basis for relief.) The Ninth Circuit reviews district court denials for leave to amend *de novo* ensuring the "complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Svs., LLC.*, 629 F.3d 876 (9th Cir. 2010).

Courts may consider facts alleged in the complaint, documents attached thereto, documents relied upon but not attached to the complaint when authenticity is not contested. *Lee v. City of Los Angeles,*

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS'
MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 3

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

250 F.3d 668, 688-89 (9th Cir. 2001). The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the plaintiffs' claim"); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

Pursuant to FER 201, plaintiff requests that the court take judicial notice of the following documents in the record and supportive of its motion to alter or for relief of judgment.

1. The state court complaint at Dkt. No. 1-5
2. Plaintiff's Second Amended Complaint (SAC) at Dkt. 47
3. Exhibits A through M at Dkts Nos. 47-1 through 47-13
4. Washington Foreclosure Mediation Certification Reports at 47-5 and 47-9
5. Defendant McCarthy Holthus LLP website at http://mccarthyholthus.com/practice.aspx
6. The Court's records and the files therein.

The documents referred to are properly subject to the judicial notice because they are matters of public record or are properly submitted as part of and/or necessarily relied on by the complaint and their authenticity cannot be contested. *Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001). *See also* FER 803(8), (14) and (15); *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 726, 189 P.3d 168 (2008); *Sebek v. City of Seattle*, 172 Wn. App. 273, 275 n.2, 290 P.3d 159 (2012).

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 4

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

## IV. ARGUMENT

### A. Consumer Protection Act Violations Are Sufficiently Stated Against M&H.

Plaintiff alleges all the required elements establishing her claim under Washington's Consumer Protection Act ("CPA"): (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the Plaintiffs' business or property; and (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Dkt. No. 16. Again, M&H's issue here appears to be limited to a general misapplication of vicarious liability. M&H asserts that because it is an agent of the beneficiary of the deed of trust (Freedom/Aurora), it has no duty or obligations under the DTA or FFA, so the foreclosure mediator's certification that M&H violated the duty to negotiate in good faith, committing a *per se* violation of the CPA under FFA, should not bind M&H. However, the plain language of the statute provides that "[i]t is an unfair or deceptive act . . . **for any person or entity** to: (a) Violate the duty of good faith under RCW 61.24.163." RCW 61.24.135(2) *emphasis added*. The FFA does not limit the requirement to the beneficiary, but contemplates the acts of "any person or entity."

### 1. Both foreclosure mediators included M&H in their bad faith certifications.

At the conclusion of both nonjudicial foreclosure attempts, foreclosure mediators certified the parties' joint and several lack of good faith. Dkt. Nos. 47-5, 47-9. In both instances the foreclosure mediators mention M&H under the category of "Beneficiary and Representative(s)" Dkt. Nos. 47-5, 47-9. Under RCW 61.24.135(2) the foreclosure mediation certifications evince *per se* establishment of the first two Hangman elements, (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce. M&H cites no applicable authority for its contention that it was not bound to the obligation to mediate in good faith under the FFA just because of its role as law firm agent of the beneficiary. M&H's agency admission cannot substitute for a factual determination of vicarious liability when RCW 4.22.070(1) requires apportionment to "every entity which caused the claimant's damages." *Afoa v. Port of Seattle*, 191 Wn.2d 110, 124, 421 P.3d 903, 911, (July 19, 2018).Joint and several liability may exist if multiple

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS'**
**MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 5

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

entities were "acting as an agent or servant" of another entity. RCW 4.22.070(1)(a). M&H's motion as to the CPA claims against it should be denied.

Even if M&H was not expressly covered by the FFA, the allegations against it are sufficiently unfair or deceptive in the circumstances here. M&H represented Aurora and Freedom in two non-judicial foreclosure attempts during 2018 and 2019, resulting in two separate referrals to Washington State foreclosure mediation. Dkt. 47, ¶¶42-49. M&H was meaningfully involved in receiving plaintiff's mitigation applications, Dkt. 47, ¶48, ¶74, ¶¶74.1-74.5, ¶133, ¶¶133.1-133.7. The SAC alleges, "defendants dragged out foreclosure mediation for at least five months only to fail to completely review Ms. Tollefson for default mitigation options" Dkt. No. 47, ¶133.1 and ¶133.7. Plaintiff alleged how the delay evinced there was no present intention to take possession of the property, at that time. ¶133.6. The facts alleged show M&H participated in delaying the mitigation review process. Dkt. No. 47, ¶48, ("M&H admitted, "delay by counsel in recognizing the borrower's preliminary submissions, .... " However, such delay never ceased and it was used against Ms. Tollefson's in the form of "expired" submissions.)

The court must assume the truth of all factual allegations and construe all inferences from them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins.Co.,* 80 F.3d 336, 337-38 (9th Cir.1996); *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002); *Twombly, at* 555-56 (2007). Assuming the truth of complaint's factual allegations, and construing all inferences from them in the light most favorable to plaintiff, the court should deny M&H motion here.

### 2.  Plaintiff's second amended complaint does allege injury.

Defendants' concerted delay and mitigation evasion caused arrears to grow through negative amortization to the extent that it consumed what would have been a portion of plaintiff's financial equity in the property.  Dkt. No. 47, ¶65. Regardless of plaintiff's sale of the property, the arrears accumulated during defendants' delay were capitalized and made a part of the sale pay-off, In that way, the proceeds of the private sale to plaintiff were reduced by the arrears that would not have been incurred but for the

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS'
MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 6

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

defendants', including M&H's dilatory acts as alleged in the complaint. In this way it can be argued M&H participated in assisting the beneficiary in skimming plaintiff's equity.

### B. Plaintiff's Second Amended Complaint Sufficiently States Her Claims Against M&H Under The Fair Debt Collection Practices Act ("FDCPA")

Plaintiff's second amended complaint (SAC) includes allegations relating to M&H in the context of two nonjudicial foreclosure attempts, in both instances M&H was a debt collector, collecting debt.

#### 1. Non-judicial Foreclosures Alleged

While most provisions of the FDCPA apply to activities to collect a monetary debt, §1692f(6) regulates actions related to enforcing security interests and so "regulates non-judicial foreclosure activity." *Dowers v. Nationstar Mortgage, LLC,* 852 F.3d 964, 971 (9th Cir. 2017). Less than two years ago, the United States Supreme Court examined how the FDCPA's definition of "debt collector" operates in the foreclosure context in a case where, as here, FDCPA violations were alleged against M&H. *Obduskey v. McCarthy & Holthus L.L.P.*, __ U.S. __,139 S.Ct. 1029, 1036-38, 203 L.Ed.2d 390 (2019). The *Obduskey* Court acknowledged that foreclosure of a mortgage is the collection of a debt. *Obduskey* at 139 S.Ct. 1036 ("we concede that if the FDCPA contained only the primary definition, a business engaged in nonjudicial foreclosure proceedings would qualify as a debt collector for all purposes.") The Court explained that, at a minimum, someone who conducts a foreclosure is indirectly attempting to collect a debt. *Id.* 139 S. Ct. at 1036-1037, ("... the provision sweeps in both "direc[t]" and "indirec[t]" debt collection. [*Ibid*]. So, even if nonjudicial foreclosure were not a direct attempt to collect a debt, because it aims to collect on a consumer's obligation by way of enforcing a security interest, it would be an indirect attempt to collect a debt.") *Id*. In this way, the *Obduskey* Court rejected the analyses of the Tenth Circuit in *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1221 (10th Cir. 2018) where it held that entities engaged in non-judicial foreclosure actions in Colorado are not debt collectors under the FDCPA and

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 7

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

likewise rejected the Ninth Circuit's holding in *Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017), *cert. den.* 138 S. Ct. 504 (2017) that non-judicial foreclosures did not involve the collection of a debt because the money collected from a trustee's sale is not money owed by a consumer, it isn't 'debt' as defined by the FDCPA. Indeed the U.S. Supreme Court in *Obduskey* rejected the body of Ninth Circuit law which held that a business enforcing a security interest through nonjudicial foreclosure could not be a debt collector). *Benko v. Quality Loan Serv. Corp.*, 454 P.3d 1263, 1267, fn 4, (Nev. 2019) (noting that, "in light of *Obduskey*, the district court erred in concluding that nonjudicial foreclosures do not amount to seeking payment of a claim, and the parties' reliance on caselaw to the contrary is misplaced."

The Obduskey court said, "It is undisputed that McCarthy ["M&H"] is, by virtue of its role enforcing security interests, at least subject to the specific prohibitions contained in 15 U.S.C. §1692f(6). When a complaint only alleges steps required by state law to enforce a security [*Obduskey,* 139 S.Ct. *at* 1040], the applicable definition of "debt collector" provides, and foreclosures and foreclosure lawyers are subject to, the definition of "debt collector,"

> For the purpose of section 1692f(6) of this title, such term ["debt collector"] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692f(6), and a security enforcer violates 15 U.S.C. §1692f(6) if, it takes or threatens to take any nonjudicial action to effect dispossession when there is no present intention to take possession of the property. 15 U.S.C. §1692f(6)(B).

      **a.   Plaintiff alleged sufficient facts to draw the reasonable inference that M&H is a Debt Collector under 15 U.S.C. §1692f(6)(B).**

M&H represented Aurora and Freedom in two non-judicial foreclosure attempts during 2018 and 2019, resulting in two separate referrals to Washington State foreclosure mediation. Dkt. 47, ¶¶42-49. M&H was meaningfully involved in receiving plaintiff's mitigation applications, Dkt. 47, ¶48, ¶74, ¶¶74.1-74.5, ¶133, ¶¶133.1-133.7. The SAC alleges, "defendants dragged out foreclosure mediation for at

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS'**
**MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 8

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

least five months only to fail to completely review Ms. Tollefson for default mitigation options" Dkt. No. 47, ¶133.1 and ¶133.7. Plaintiff alleged how the delay evinced there was no present intention to take possession of the property, at that time. ¶133.6. The facts alleged show M&H participated in delaying the mitigation review process. Dkt. No. 47, ¶48, ("M&H admitted, "delay by counsel in recognizing the borrower's preliminary submissions, .... " However, such delay never ceased and it was used against Ms. Tollefson's in the form of "expired" submissions.) This delay shows there was no present intention to take possession of the property, but rather to consume and convert equity with the accumulation of arrears. These arrears are no longer attributable to the default but rather to the delay M&H caused during non-judicial foreclosure. At the conclusion of both nonjudicial foreclosure attempts, foreclosure mediators certified the parties' joint and several lack of good faith. Dkt. Nos. 47-5, 47-9. In both instances the foreclosure mediators mention M&H under the category of "Beneficiary and Representative(s)" Dkt. Nos. 47-5, 47-9.

Plaintiff sufficiently plead enough facts to infer M&H had control over the default mitigation process, by controlling the intake of plaintiff's documents. Dkt. No. 47, ¶48, and the parties consented to M&H's acting on behalf of the beneficiary, Aurora , and the Servicer, Freedom. *Meyer v. Holley*, 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003).

2. **The Judicial Foreclosure alleged,**

Plaintiff's second amended complaint (SAC) includes allegations relating to M&H in the context of the judicial foreclosure it filed on behalf of Aurora.

a. **Plaintiff alleged sufficient facts to draw the reasonable inference that M&H is a Debt Collector in judicial foreclosure.**

Unless a deficiency judgment is on the table in the proceeding, a person judicially enforcing a deed of trust in seeking only the return or sale of the security, not to collect a debt. *Barnes v. Routh Crabtree Olsen PC,* 963 F .3d 993, 999 (9th Cir. 2020). That the FDCPA covers attorneys engaged in debt

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 9

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

collection litigation is well-established: *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) ("The Act does apply to lawyers engaged in litigation. . . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts"); *McNair v. Maxwell & Morgan P.C.*, 893 F.3d 680, 684 (9th Cir. 2018) (Homeowner's FDCPA claim was improperly dismissed where the defendants, including the law firm hired by the homeowner association misrepresented the amount of her debt and sought attorneys' fees to which they were not entitled); *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) (Irrespective of whether the defendant law firm also sought to perfect its client HOA's security interest and preserve its right to record a lien in the future, because the law firm was acting as a debt collector, ---it is subject to the full scope of the FDCPA, including § 1692g and § 1692e).

Communication cannot be uniquely exempted from the FDCPA because it is a formal pleading or, in particular, a complaint. *Kaymark v. Bank of Am.*, 783 F.3d 168, 177 (3d Cir. 2015)(The court concluded that had Congress wanted to exclude formal pleadings from the protections of the FDCPA under any of its other provisions, it could have done so. It did not,); *McNair v. Maxwell & Morgan PC,* 893 F.3d 680, 682 (9th Cir. 2018) (holding that law firm defendant who attempted to collect homeowner association fees through judicial foreclosure acted as "debt collector" under the FDCPA.)

Here, the state court judicial foreclosure M&H filed on behalf of defendant Aurora asks for a deficiency judgment. Dkt. No. 30, pg. 17, lines 1-2, Dkt. No. 1-5, ¶28.  Aurora's state court complaint also stated that Aurora employed M&H to commence and prosecute the action. Dkt. No. 1-5, ¶30.  M&H filed a judicial foreclosure lawsuit claiming MERS had an interest in Mr. Tollefson's property by virtue of a "Junior Deed of Trust," when in fact it did not. The "Junior Deed of Trust," claimed by M&H to be a legitimate lien was actually a duplicate of the deed of trust actually securing the debt on plaintiff's mortgage. Dkt. No. 47-1. The full reconveyance recorded by Aurora, stated the deed of trust M&H alleged in the judicial foreclosure was a "Junior Deed of Trust," was recorded as a duplicate in error. Dkt. No. 47-1. M&H filed the state court judicial foreclosure misrepresenting an encumbrance on plaintiff's

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 10

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

property necessitating this legal action. M&H's filing of the judicial lawsuit without engaging in the diligence necessary to identify the duplicate deed of trust, caused circumstances that would have eliminated all potential buyers but those participating in a public foreclosure sale, because the alleged additional, but actually duplicate, lien would have disqualified plaintiff from using a Deed-in-Lieu of foreclosure to resolve the default, and the additional lien wards off potential private buyers because the additional lien suggest it is securing additional debt to be payed off at closing. Further, the amount sought by the judicial foreclosure does not take into account the capitalized arrears accumulated due to defendants' delay in default mitigation.

Lawyers who regularly collect debts through litigation" fall within the scope of the FDCPA. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (citing *Heintz v. Jenkins*, 514 U.S. 291, 293- 94 (1995) (holding attorney who represented bank liable under the FDCPA as a debt collector based on actions taken in litigation to collect or attempt to collect consumer debts)). Attorney debt collectors, like M&H, cannot blindly rely on their clients to avoid liability under the FDCPA. *McCollough,* 637 F .3d at 948.  See *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014) (materially false statements are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort."). *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014) (holding that "the violation of [the] right not to be the target of misleading debt collection communications . . . constitutes a[n] injury under Article III")

### 3. Plaintiff's FDCPA Claims Are Not Barred by Statute of Limitations.

M&H also raises an issue regarding the FDCPA's statute of limitations. It has been settled that where the challenged violation is a continuing one, the staleness concern disappears.  *Havens Realty Corp., v. Coleman*, 455 U.S. 363, 380, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982). A continuing violation is occasioned by continual unlawful acts. *Ward v. Caulk*, 650 F.2d 1144, 11147 (9th Cir. 1981) citing *Collins v. United Airlines, Inc.*, 514 F.2d 594, 596 (9th Cir. 1975). Wooden interpretations ignoring

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 11

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

the continuing nature of alleged violations, risk undermining public policy. *Havens Realty,* 455 U.S. at 380. Where an unlawful practice that continues into the limitations period is challenged, the complaint is timely when filed within the statute of limitations of the last asserted occurrence of that practice. *Id*. 380-381. Here, plaintiff's complaints were filed within the statute of limitations of the last asserted occurrence of M&H's bad faith practice in FFA mediation. Dkt. No. 2-6. Although foreclosure litigation can be lengthy, this should not present a statute of limitations problem with respect to claims against law firms. The statute of limitations begins to run upon each new misrepresentation made in the course of litigation and is not tied to the date of filing of the foreclosure complaint. *Hemphill v. Nationstar Mortgage, L.L.C.*, 2018 WL 4929864 (E.D. Pa. Oct. 10, 2018). Construing all inferences in the light most favorable to the nonmoving party to plaintiff, the court should deny M&H's motion. *Cahill v. Liberty Mut. Ins.Co.,* 80 F.3d 336, 337-38 (9th Cir.1996); *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002); *Twombly*, *at* 555-56 (2007).

**C.   Ms. Tollefson Sufficiently Stated a Claim Against M&H for Negligent Misrepresentation.**

Again, M&H relies on the argument that it was never a party to either mediation and document requests came from the beneficiary. Dkt. No. 20, pg. 15. The issue is whether M&H's representations in non-judicial foreclosure mediation, and in Aurora's judicial foreclosure, negligently misrepresented material facts when M&H,

- misrepresented to plaintiff, in foreclosure mediation that Freedom would review her for loan default mitigation, when no such review was ever completed, Dkt. 47, pg. 7, ¶45;
- misrepresented to the second foreclosure mediator that Ms. Tollefson's mitigation applications were missing documents submissions when they in fact did not, Dkt. 47, pg. 11, ¶74, ¶¶74.1-74.5;
- misrepresented the materiality of an inconsequential error in the deed of trust's property description to force Ms. Toleffson with expansive litigation, Dkt. No. 47, pg. 1, lines 16-17, ¶57;

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 12

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

- withheld the fact that the purported "Junior Deed of Trust," is merely a re-recorded duplicate of the original deed of trust securing no interest or lien on behalf of MERS because there is no additional loan or debt associated with it, Dkt. 1-5, ; and
- misrepresented MERS's interest in Ms. Tollefson's property, *Id.* pg. 15, ¶61.

Plaintiff sufficiently shows that defendants negligently supplied false information in the course of business, and that plaintiff reasonably and detrimentally relied on the false information. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wash. App. 594, 613 (2017). A duty to avoid negligent misrepresentation arises independently of a contract if a defendant's misrepresentation induces the plaintiff to enter into the contract in the first place. *Donatelli v. D.R. Strong Consulting Eng'rs, Inc.*, 179 Wn.2d 84, 95 (2013). A party may also have a duty to disclose material facts peculiarly within that party's superior or specialized knowledge. *Van Dinter v. Orr*, 157 Wn.2d 329, 334 (2006); *Colonial Imports, Inc. v. 24 Carlton Nw., Inc.*, 121 Wn.2d 726, 732 (1993). M&H owed plaintiff a duty not to commit negligent representation independent of the contractual duties that flowed from its agency.

Plaintiff sufficiently plead enough facts to infer M&H had control over the default mitigation process, by controlling the intake of plaintiff's documents. Dkt. No. 47, ¶48, and the parties consented to M&H's acting on behalf of the beneficiary, Aurora , and the Servicer, Freedom. *Meyer v. Holley*, 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003).The misrepresentations identified above formed the basis for assumptions that induced plaintiff to apply for default mitigation assistance. As a frequent user of the foreclosure mediation program, M&H has specialized knowledge of how default mitigation and the foreclosure mediation process works. The record shows M&H misrepresenting the facts to the second mediator using its specialized knowledge to attempt to sabotage Ms. Tollefson's second attempt at foreclosure mediation. Dkt. No. 2-6, pg. 6)

Accordingly, M&H failed to meet its burden to show that it should be excused from Ms. plaintiff's claim for negligent misrepresentation.

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 13

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

## V. CONCLUSION

For all the foregoing reasons, M&H's motion should be denied in its entirety. Ms. Tollefson respectfully requests the court deny M&H's motion to dismiss.

Dated this 4th day of January, 2021.

_____
Arthur E. Ortiz, WSBA No. 26676
Attorney for Mary K. Tollefson

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 14

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

| | |
|---|---|
| Synova M. L. Edwards, WSBA 43063<br>Attorney for Aurora Financial Group, Inc., and Freedom Mortgage Corp.<br>Wright Finlay & Zak, LLP<br>612 S. Lucile Street, Suite 300<br>Seattle, WA 98108<br>Phone: (206) 946-8109<br>Facsimile: (949) 608-9142<br>Email: smledwards@wrightlegal.net | Joseph Ward McIntosh, WSBA No. 39470<br>Attorney for McCarthy Holthus, LLP<br>McCarthy Holthus, LLP<br>108 1st Ave., Ste. 300<br>Seattle, WA 98104-2104<br>Tel.:   (206) 596-4856<br>Email: jmcintosh@mccarthyholthus.com |

DATED this 4th day of January, 2021.

_____
Arthur Ortiz, WSBA 26676
Attorney for defendant, Mary K. Tollefson

**PLTFF.'S RESP. IN OPP. TO McCARTHY & HOLTHUS' MOT. TO DISMISS SECOND AMENDED COMPLAINT**
Page - 15

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com