UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY K. TOLLEFSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AURORA FINANCIAL GROUP,<br>INC., et al.,<br><br>　　　　　　Defendants. | CASE NO. C20-0297JLR<br><br>ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES |

## I.　INTRODUCTION

Before the court is Plaintiff Mary K. Tollefson's motion to strike the affirmative defenses asserted by Defendants Aurora Financial Group ("Aurora") and Freedom Mortgage Corp. ("Freedom") (collectively, "Defendants"). (Mot. (Dkt # 53); *see also* Reply (Dkt. # 55).) Defendants oppose Ms. Tollefson's motion. (Resp. (Dkt. # 54).) The court has considered Ms. Tollefson's motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.

ORDER - 1

Being fully advised,[1] the court GRANTS Ms. Tollefson's motion to strike Defendants' affirmative defenses.

## II.  BACKGROUND

Aurora originally filed this action in King County Superior Court for reformation of a deed of trust, declaratory relief, and judicial foreclosure against Ms. Tollefson, Mortgage Electronic Registration Systems, Inc., and the occupants of Ms. Tollefson's property.  (*See* Compl. (Dkt. # 1-10).)  On February 24, 2020, after removing the case to this court (*see* Not. of Removal (Dkt. # 1)), Ms. Tollefson filed her original answer, counterclaims against Aurora, and third-party claims against Freedom and Defendant McCarthy & Holthus LLP ("MH") (Ans. (Dkt. # 2)).  She filed an amended answer, counterclaims, and third-party claims on March 31, 2020.  (Am. Ans. (Dkt. # 16).)

On August 19, 2020, the court granted in part and denied in part MH's motion to dismiss Ms. Tollefson's third-party claims.  (*See generally* 8/19/20 Order (Dkt. # 30).)  The court granted Ms. Tollefson leave to amend most of the dismissed counterclaims, except for her tort claims based on statements that MH made in the course of judicial proceedings, which the court dismissed with prejudice.  (*See id.* at 26-27.)[2]

---

[1] Neither party requests oral argument (*see* Mot.; Resp.), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court subsequently denied Ms. Tollefson's motions to reconsider its August 19, 2020 order and to certify questions to the Washington Supreme Court.  (*See* 9/8/20 Order (Dkt. # 34); 10/19/20 Order (Dkt. # 43).)  The court also granted Ms. Tollefson's unopposed motion for an extension of time to file an amended pleading.  (10/9/20 Order (Dkt. # 40).)

1  On October 8, the court dismissed Aurora's claims against all then-Defendants
2 pursuant to the parties' stipulation.  (10/8/20 Order (Dkt. # 39).)  On October 12, Ms.
3 Tollefson moved for leave to file an amended complaint in light of Aurora's dismissal of
4 its claims.  (MTA (Dkt. # 41).)  In that motion, she purported to change the caption of
5 this case to name herself as Plaintiff and Aurora, Freedom, and MH as Defendants.  (*See*
6 *id.*)  The court granted Ms. Tollefson's motion to amend but instructed her to file a
7 motion to amend the caption if she wished to change the parties' caption designations.
8 (10/29/20 Order (Dkt. # 44).)  On November 3, 2020, the court granted the parties'
9 stipulated motion to update the case caption.  (11/3/20 Order (Dkt. # 26).)

10  On November 4, 2020, Ms. Tollefson filed her second amended complaint.  (SAC
11 (Dkt. # 47).)  Ms. Tollefson now alleges claims against Aurora, Freedom, and MH for
12 violations of the Washington Consumer Protection Act, chapter 19.86 RCW ("CPA") (*id.*
13 ¶¶ 66-124), the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (*id.*
14 ¶¶ 125-39), and the Real Estate Settlement Practices Act, 12 U.S.C. § 2605 (*id.* ¶¶
15 141-47); for negligent misrepresentation (*id.* ¶¶ 148-57); and for breach of the implied
16 covenant of good faith and fair dealing (*id.* ¶¶ 158-67).  Ms. Tollefson's claims arise
17 from Defendants' conduct after she defaulted on a mortgage loan for real property she
18 held in Auburn, Washington.  (*See generally* SAC.)
19 //
20 //
21 //
22 //

On January 14, 2021, Defendants answered Ms. Tollefson's second amended complaint and asserted nine affirmative defenses.[3] (SAC Ans. (Dkt. # 52) at 17-18.) Ms. Tollefson now moves to strike eight of these affirmative defenses. (*See generally* Mot.)

### III.     ANALYSIS

**A.     Legal Standard**

Under Federal Rule of Procedure 8(b)(1), a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). In addition, Federal Rule of Civil Procedure 8(c)(1) requires a party, in responding to a pleading, to "affirmatively state any avoidance or affirmative defense." *Id.* 8(c)(1).

A court may strike an affirmative defense under Federal Rule of Civil Procedure 12(f) if it is "insufficient" or presents "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is insufficiently pleaded if it fails to provide the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *abrogated in part on other grounds by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Rests.*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "Affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is

---

[3] MH's renewed motion to dismiss Ms. Tollefson's claims against it is pending before the court. (*See* MH MTD (Dkt. # 48).) Accordingly, MH has not yet answered Ms. Tollefson's second amended complaint. (*See generally* Dkt.)

based, but need not include facts sufficient to demonstrate plausible entitlement to relief." *Rosen v. Masterpiece Marketing Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016).

In general, courts disfavor motions to strike, given the strong policy preference for resolving issues on the merits. *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018). Nonetheless, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). Whether to grant a motion to strike lies within the discretion of the district court. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party. *See, e.g.*, *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

**B.  Motion to Strike**

Ms. Tollefson moves to strike the first eight of Defendants' nine asserted affirmative defenses under Federal Rule of Civil Procedure 12(f).[4] (Mot. at 2, 5-11.) The court considers each affirmative defense in turn.

1.  Failure to State a Claim

Defendants assert that Ms. Tollefson "failed to state a claim upon which relief can be granted." (SAC Ans. at 17, ¶ 1.) By definition, however, "[a] defense which

---

[4] Defendants' ninth affirmative defense is a reservation of "the right to assert any additional defenses or affirmative defenses pending further discovery." (SAC Ans. at 18, ¶ 9.)

1  demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative
2  defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  "The
3  assertion of failure to state a claim upon which relief can be granted is not an *affirmative*
4  defense because it challenges the legal or factual sufficiency of a plaintiff's claims, and
5  necessarily means that the plaintiff cannot meet his or her burden of proof." *Smith v.*
6  *Bank of New York Mellon*, No. C19-0538JCC, 2019 WL 3428744, at *1 (W.D. Wash.
7  July 30, 2019) (emphasis in original).  Therefore, the court GRANTS Ms. Tollefson's
8  motion to strike Defendants' first affirmative defense with prejudice and without leave to
9  amend.[5]

       2.     Statutes of Limitations

11  Defendants assert that "[s]ome or all of [Ms. Tollefson's] claims are barred by the
12  applicable statutes of limitations."  (SAC Ans. at 17, ¶ 2.)  Defendants' statute of
13  limitations defense, as pleaded, does not provide Ms. Tollefson with notice as to which
14  statute(s) of limitations might apply or which of Ms. Tollefson's five claims are
15  vulnerable to a statute of limitations defense.  *See, e.g.*, *Seattlehaunts LLC v. Thomas*
16  *Family Farm LLC*, No. C19-1937JLR, 2020 WL 5500373, at *9 (W.D. Wash. Sept. 11,
17  2020) (striking a statute of limitations affirmative defense on similar grounds).
18  Therefore, the court GRANTS Ms. Tollefson's motion to strike Defendants' second
19  affirmative defense with leave to amend.  In an amended answer, Defendants must allege

---

[5] This ruling does not preclude Defendants from challenging the legal sufficiency of Plaintiff's claims in a dispositive motion, such as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or a motion for summary judgment.  *See Smith*, 2019 WL 3428744, at *1 n.1.

1  "which statute(s) of limitations it is relying upon, what cause(s) of action are barred, the
2  date after which such bar became effective, and some factual allegations concerning why
3  the limitations period has expired" for those claims.  *See id.*

        3. <u>Failure to Join Necessary Parties</u>

Defendants assert that Ms. Tollefson "failed to join necessary parties to assert damages."  (SAC Ans. at 17, ¶ 3.)  In their response to Ms. Tollefson's motion, they point out that Ms. Tollefson has alleged damages that relate to the acts of two parties whom she has not named as defendants.  (Resp. at 4 (citing SAC at 5).)  As pleaded, however, the affirmative defense does not give Ms. Tollefson notice of what parties she has failed to join in this action and what damages might be affected.  Therefore, the court GRANTS Ms. Tollefson's motion to strike Defendants' third affirmative defense with leave to amend.

        4. <u>Plaintiff Solely Caused Her Damages</u>

Defendants assert that Ms. Tollefson "proximately and solely caused any damages allegedly sustained and accordingly, any judgment to which [Ms. Tollefson] would otherwise be entitled should be reduced or barred as a result."  (SAC Answer at 17, ¶ 4.)  This assertion does not give Ms. Tollefson fair notice of how she proximately or solely caused her damages or which damages she allegedly caused.  *See Smith*, 2019 WL 3428744, at *2 (striking, on similar grounds, defendants' affirmative defense alleging that plaintiff's damages were her fault or the fault of another).  The court GRANTS Ms. Tollefson's motion to strike Defendants' fourth affirmative defense with leave to amend.

1         5.       <u>Failure to Mitigate Damages</u>

2         Defendants assert that Ms. Tollefson "failed to mitigate her own damages, if any 3 are proven at trial." (SAC Ans. at 17, ¶ 5.) The court agrees with Defendants that their 4 failure to mitigate affirmative defense is not duplicative of their fourth affirmative 5 defense that Ms. Tollefson solely caused her damages. (*See* Mot. at 9; Resp. at 5.) As 6 pleaded, however, Defendants' vague assertion that Ms. Tollefson failed to mitigate her 7 damage does not give her fair notice of which damages she allegedly failed to mitigate. 8 *See Smith*, 2019 WL 3428744, at *2 (striking failure to mitigate affirmative defense on 9 similar grounds). Therefore, the court GRANTS Ms. Tollefson's motion to strike 10 Defendants' fifth affirmative defense with leave to amend.

11         6.       <u>Consent</u>

12         Defendants assert that Ms. Tollefson's "damages, if any, are not actual because 13 [Ms. Tollefson] voluntarily, knowingly, and expressly consented to the situation that 14 allegedly caused [her] harm." (SAC Ans. at 17, ¶ 6.) The court agrees with Defendants 15 that their consent defense is not duplicative of their fourth and fifth affirmative defenses. 16 (*See* Mot. at 9-10; Resp. at 5.) As pleaded, however, Defendants' sixth affirmative 17 defense does not give Ms. Tollefson fair notice because it lacks any factual support 18 regarding the acts to which Ms. Tollefson allegedly consented. *See Smith*, 2019 WL 19 3428744, at *3. Therefore, the court GRANTS Ms. Tollefson's motion to strike 20 Defendants' sixth affirmative defense with leave to amend.

		7.	Equitable Defenses

Defendants assert that, pending further discovery, Ms. Tollefson's claims may be "barred in whole or in part by defenses of laches, estoppel, release, waiver, accord and satisfaction, ratification, acquiescence, bad faith and/or unclean hands, and other equitable defenses."  (SAC Ans. at 17, ¶ 7.)  Defendants do not, however, plead which of Ms. Tollefson's five causes of action these equitable defenses might apply to, nor do they include any factual allegations concerning these defenses.  *See, e.g.*, *Seattlehaunts LLC*, 2020 WL 5500373, at *9 (striking equitable defenses on similar grounds).  Therefore, the court GRANTS Ms. Tollefson's motion to strike Defendants' seventh affirmative defense with leave to amend.  In an amended answer, Defendants must allege the causes of action to which each equitable defense applies and some factual allegations supporting their assertion of these equitable defenses.  *See id.*

		8.	Good Faith

Defendants assert that their "acts and any omissions with respect to [Ms. Tollefson] were at all times in good faith, for good cause, and without intent to wrongfully deprive [Ms. Tollefson] of any benefits or favorable terms."  (SAC Ans. at 18, ¶ 8.)  Good faith, however, is not a proper affirmative defense because it challenges the factual sufficiency of Ms. Tollefson's claims.  *See Smith*, 2019 WL 3428744, at *3 (citing *Zivkovic*, 302 F.3d at 1088).  Accordingly, the court GRANTS Ms. Tollefson's motion to strike Defendants' eighth affirmative defense with prejudice and without leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Tollefson's motion to strike Defendants' affirmative defenses (Dkt. # 53).  Specifically, the court:  (1) STRIKES Defendants' first and eighth affirmative defenses with prejudice and without leave to amend; and (2) STRIKES Defendants' second through seventh affirmative defenses without prejudice and with leave to amend.  Defendants shall file an amended answer that corrects the deficiencies identified herein within fourteen (14) days of the filing date of this order.

Dated this 9th day of February, 2021.

JAMES L. ROBART
United States District Judge