UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY K. TOLLEFSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>AURORA FINANCIAL GROUP, INC., et al.,<br><br>                    Defendants. | CASE NO. C20-0297JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION TO STRIKE AFFIRMATIVE DEFENSES |

## I.    INTRODUCTION

Before the court is Plaintiff Mary K. Tollefson's second motion to strike the affirmative defenses asserted by Defendants Aurora Financial Group ("Aurora") and Freedom Mortgage Corp. ("Freedom") (collectively, "Defendants").[1]  (Mot. (Dkt. # 58); *see also* Reply (Dkt. # 62); Errata re Reply (Dkt. # 63).)  Defendants oppose Ms. Tollefson's motion.  (Resp. (Dkt. # 60).)  The court has considered Ms. Tollefson's

---

[1] Defendant McCarthy & Holthus, LLP, is not a party to this motion.

ORDER - 1

motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS in part and DENIES in part Ms. Tollefson's second motion to strike.

## II.   BACKGROUND

Because the court recounted the procedural background of this matter in detail in its order granting Ms. Tollefson's first motion to strike (*see* 2/9/21 Order (Dkt. # 56)), the court sets forth only the background relevant to this motion below.

Ms. Tollefson filed her second amended complaint on November 4, 2020. (SAC (Dkt. # 47).) In relevant part, she alleges claims against Aurora and Freedom for violations of the Washington Consumer Protection Act, chapter 19.86 RCW ("CPA") (*id.* ¶¶ 66-124), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (*id.* ¶¶ 125-39), and the Real Estate Settlement Practices Act, 12 U.S.C. § 2605 (*id.* ¶¶ 141-47); for negligent misrepresentation (*id.* ¶¶ 148-57); and for breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 158-67). Ms. Tollefson's claims arise from Defendants' conduct after she defaulted on a mortgage loan for real property she held in Auburn, Washington. (*See generally* SAC.)

On January 14, 2021, Defendants answered Ms. Tollefson's second amended complaint and asserted nine affirmative defenses. (SAC Ans. (Dkt. # 52) at 17-18.) Ms. Tollefson then moved to strike eight of these affirmative defenses. (*See* 1st MTS (Dkt.

---

[2] Defendants request oral argument. (*See* Resp.) The court, however, finds oral argument unnecessary to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1  # 53)).)  The court granted Ms. Tollefson's motion.  (*See* 2/9/21 Order.)  The court struck

2  with prejudice Defendants' purported affirmative defenses of failure to state a claim and

3  good faith because they are not true affirmative defenses.  (*See id.* at 5-6, 9 (citing *Smith*

4  *v. Bank of New York Mellon*, No. C19-0538JCC, 2019 WL 3428744, at \*1, \*3 (W.D.

5  Wash. July 30, 2019)).)  The court struck Defendants' remaining affirmative defenses

6  without prejudice and with leave to file an amended answer that corrected the

7  deficiencies identified by the court.  (*See id.* at 6-10.)

8        Defendants filed their amended answer on February 23, 2021.  (Am. SAC Ans.

9  (Dkt. # 57).)  Ms. Tollefson now moves a second time to strike Defendants' affirmative

10 defenses.  (Mot.)

11                         **III.   ANALYSIS**

12 **A.   Legal Standard**

13       Under Federal Rule of Procedure 8(b)(1), a party must "state in short and plain

14 terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).  In addition,

15 Federal Rule of Civil Procedure 8(c)(1) requires a party, in responding to a pleading, to

16 "affirmatively state any avoidance or affirmative defense."  *Id.* 8(c)(1).

17       A court may strike an affirmative defense under Federal Rule of Civil Procedure

18 12(f) if it is "insufficient" or presents "any redundant, immaterial, impertinent, or

19 scandalous matter."  Fed. R. Civ. P. 12(f).  An affirmative defense is insufficiently

20 pleaded if it fails to provide the plaintiff "fair notice" of the defense asserted.  *Wyshak v.*

21 *City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *abrogated in part on other grounds*

22 *by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc).  "Fair notice

1 generally requires that the defendant state the nature and grounds for the affirmative
2 defense." *Kohler v. Islands Rests.*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "Affirmative
3 defenses must be supported by at least some facts indicating the grounds on which the
4 defense is based, but need not include facts sufficient to demonstrate plausible
5 entitlement to relief." *Rosen v. Masterpiece Marketing Grp., LLC*, 222 F. Supp. 3d 793,
6 802 (C.D. Cal. 2016).

In general, courts disfavor motions to strike, given the strong policy preference for resolving issues on the merits. *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018). Nonetheless, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). Whether to grant a motion to strike lies within the discretion of the district court. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party. *See, e.g.*, *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

**B.  Motion to Strike**

Ms. Tollefson moves to strike seven of Defendants' eight amended affirmative defenses.[3] (Mot. at 4-12.) She asserts that Defendants have not cured the deficiencies

---

[3] Defendants' eighth affirmative defense "reserve[s] the right to assert any additional defenses or affirmative defenses pending further discovery." (Am. SAC Ans. at 19, ¶ 8.)

1 that the court identified in its prior order.  (*See* Mot. at 4.)  Mindful of the Ninth Circuit's instruction that an affirmative defense is sufficiently pleaded it if gives the plaintiff "fair notice" of the defense, *see Wyshak*, 607 F.2d at 827, the court finds that Defendants have now sufficiently pleaded their second through seventh affirmative defenses under the applicable standards and DENIES Ms. Tollefson's motion to strike those affirmative defenses.

The court, however, GRANTS Ms. Tollefson's motion to strike Defendant's first affirmative defenses, regarding statutes of limitations.  (*See* Am. SAC Ans. at 17, ¶ 1.)  Defendants acknowledge that, due to a mistake of counsel, they did not include all of the information the court requested in its prior order.  (*See* Resp. at 11-12; 2/9/21 Order at 5-6.)  Defendants ask that they be allowed an additional opportunity to amend their statute of limitations affirmative defense to cure their mistake.  (*See* Resp. at 11-12.)  The court grants Defendants' request, and therefore STRIKES Defendant's first affirmative defense without prejudice and with leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Ms. Tollefson's second motion to strike Defendants' affirmative defenses (Dkt. # 58).  Specifically, the court:  (1) GRANTS Ms. Tollefson's motion to strike Defendants' first affirmative defense, and STRIKES that defense with leave to amend; and (2) DENIES Ms. Tollefson's motion to strike Defendants' second through seventh affirmative defenses.

Defendants shall file an amended answer that corrects the deficiencies in its first affirmative defense within seven (7) days of the filing date of this order.

Dated this 19th day of March, 2021.

JAMES L. ROBART
United States District Judge